MARCELINO GONZÁLEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y RAMÓN MONTANER, ADMINISTRADOR DEL FONDO DEL ESTADO, recurridos.

Núm. 180.—*Sometido:* Diciembre 18, 1939. *Resuelto:* Enero 31, 1940.

*Virgilio Brunet* y *Miguel A. Casiano,* abogados del recurrente; *M. León Parra,* abogado de la demandada; *Hon. Procurador General Interino E. Campos del Toro* y *E. de Aldrey, Procurador General Auxiliar,* y *Víctor J. Vidal González,* abogado éste del Fondo del Estado, abogados del Administrador del Fondo, recurrido.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El ocho de septiembre último compareció ante esta Corte Suprema, Marcelino González por medio de sus abogados y expuso que sufrió un accidente mientras trabajaba para su patrono asegurado San Antonio Co.; que fué recluído en la Clínica San José por orden del Asegurador, Fondo del Estado; que tuvo allí un encuentro personal con un empleado de la institución y por ese motivo fué expulsado de la misma y privado de su derecho a compensación por el Administrador del Fondo, y que no conforme con la decisión del Administrador, apeló para ante la Comisión Industrial y ésta, después de celebrar una vista, sostuvo en agosto 25, 1938, la resolución del Administrador.

Y siguió expresando en su escrito que en septiembre 3, 1938, pidió reconsideración de la resolución de agosto 25, 1938, invocando su derecho a ser hospitalizado dada la condición de su rodilla y a recibir sus dietas por el tiempo que había estado y estuviere lesionado; que en septiembre 6, 1938, sus abogados radicaron una más amplia moción de reconsideración, presentando ciertas cuestiones de derecho; que en septiembre 8, 1938, la Comisión ordenó al Administrador que recluyera al peticionario en una institución médica; que en septiembre 14, 1938, la propia Comisión ordenó la celebración de una vista para oír las cuestiones de derecho planteádasle, vista que se celebró en enero 4, 1939, sin que la Comisión resolviera

dichas cuestiones; que en junio 16, 1939, dicha Comisión desestimó la moción de reconsideración por haberse presentado después del término de diez días, y que en junio 24, 1939, solicitó de la Comisión que dejara sin efecto su resolución de junio 16, 1939, y resolviera el caso en su fondo, a lo que se negó dicho organismo por orden de agosto 24, 1939.

A virtud de todo lo expuesto alega el obrero que la Comisión erró al desestimar su moción de reconsideración porque ésta fué presentada el tres de septiembre de 1938 cuando no habían vencido aún los diez días que le concedía la ley y pide en su consecuencia a este tribunal que revise y revoque las resoluciones de la Comisión de junio 16 y agosto 24 de 1939 y le ordene que falle el caso en su fondo.

Todo el problema a resolver estriba pues en si la reconsideración se pidió o no en septiembre 3 de 1938, debiendo considerarse la moción de septiembre 6, 1938, como complementaria de la de septiembre 3 y no como la sola y única moción de reconsideración archivada.

Los autos de la Comisión fueron elevados y de ellos resulta que en junio 23, 1938, se decidió en efecto por el Administrador del Fondo del Seguro del Estado en el caso del obrero recurrente lo que sigue:

"Se trata aquí de un obrero que el día 23 de abril de 1938 sufrió un accidente del trabajo consistente en que mientras entablaba el piso con el fin de colocar cartones conteniendo sombreros iba cargando una tabla para ponerla en el piso cuando accidentàlmente el extremo de ésta le dió contra otra carga cercana cayendo el obrero al suelo y golpeándose levemente la región pectoral derecha y la rodilla del mismo lado.

"El obrero fué hospitalizado en la Clínica San José del Dr. E. García Cabrera el día 31 de mayo de 1938.

"En esta fecha ha comparecido el Director de dicha Clínica y ha informado a esta Administración que el obrero de este caso introdujo en la sala de curaciones de dicha Clínica a una señora, esposa o familiar de él por lo que tuvieron que llamarle la atención y ordenarle que saliera de aquel sitio. Parece que el obrero consideró que había sido delatado por un empleado de la Clínica y al encontrarse

con éste lo agredió con el puño en la cara produciéndole lesiones de alguna consideración.

"La actitud asumida por el obrero constituye un acto de indisciplina imperdonable y revela la falta de disposición de dicho lesionado a obedecer debidamente los reglamentos de la institución médica en donde estaba hospitalizado, por lo que el Administrador del Fondo del Seguro del Estado, de acuerdo con las facultades que la Ley le confiere, dispone que este obrero debe ser privado de su derecho a recibir compensación alguna por el accidente sufrido sin perjuicio de que continúe suministrándosele el tratamiento médico adecuado hasta su total restablecimiento."

Apeló el obrero para ante la Comisión, se celebró una vista a la que compareció el obrero en persona, y en agosto 25, 1938, la Comisión confirmó la resolución del Administrador.

Notificado el obrero el propio día 25 de agosto, 1938, presentó el tres de septiembre siguiente una "Moción de reconsideración" redactada así:

"El que suscribe, Marcelino González, solicita de la Hon. Comisión Industrial la reconsideración de la resolución dictada en agosto 25 de este año y suplica tanto a la Hon. Comisión Industrial como al Hon. Administrador del Fondo del Seguro del Estado, sea hospitalizado, pues el estado de mi pierna continúa en tales condiciones que requiere hospitalización para que la curación sea más rápida y efectiva, . . . y solicito muy respetuosamente, de esa Hon. Comisión así como del Hon. Administrador del Fondo del Seguro del Estado, que a pesar de que me creo inocente de lo que se me acusó, no obstante, si fuera hospitalizado, probaría mi buena conducta, lo que creo sería suficiente para que por lo menos, se me compensara desde el nuevo ingreso en la clínica.

   ✳     ✳     ✳     ✳     ✳     ✳     ✳ ".

Y tres días después, o sea en septiembre seis, por medio de sus abogados, archivó otra "Moción de reconsideración" de tres páginas a máquina en la cual se impugnan los fundamentos de la resolución cuya reconsideración se pide o sea la de agosto 25, 1938, sin que se haga la más leve referencia a la anterior moción de septiembre tres.

La moción de septiembre tres fué resuelta como sigue:

"Vista la moción . . . la Comisión Industrial RESUELVE ordenar al Administrador del Fondo del Seguro del Estado hospitalice al obrero en vista del estado de su pierna, . . ."

Nada resolvió sobre pago de compensación. Y con respecto a la moción de septiembre seis, ordenó la celebración de una vista para oír a las partes "sobre la cuestión de derecho planteada."

Sigue una moción presentada en octubre 18, 1938, y un memorándum en enero 19, 1939. En ambos lo que se suplica a la Comisión es que ordene que se paguen al obrero las dietas semanales desde junio 23 a septiembre 26 de 1938.

Viene entonces la resolución de la Comisión de junio 16, 1939, por virtud de la cual se decidió que no procedía la reconsideración por haberse presentado fuera de término, y la moción del obrero de junio 24, 1939, pidiendo que se deje sin efecto la resolución de junio 16, 1939, y termina el expediente.

A nuestro juicio tiene razón el obrero. Aunque la moción de septiembre 3, 1938, redactada sin asistencia de abogado, se presta a interpretaciones y parece que acepta la resolución de la Comisión de agosto 25, 1938, y se acoge a sus términos, es lo cierto que no sólo se titula "de reconsideración" si que expresamente pide "la reconsideración de la resolución" e insiste en su derecho a que se le compense "por lo menos desde el nuevo ingreso en la clínica." Su tono es de petición de gracia más bien que de reclamación de derecho, pero, eso no obstante, muestra con toda claridad la inconformidad del obrero y su deseo de que la Comisión resuelva de modo distinto la cuestión envuelta.

El espíritu de la moción del seis de septiembre es el de la reclamación en firme de un derecho de que se cree estar asistido, no por gracia si que por corresponder en ley. Revela al abogado, pero en el fondo pide lo mismo que pidió el obrero en persona en la del tres, a saber, que se le pague

la compensación que le otorga el estatuto, para privarle de la cual se sostiene que no tuvo facultad en ley el Administrador del Fondo del Estado. Y hay que reconocer que el asunto es debatible.

Bajo esas circunstancias, pedida la reconsideración en tiempo, nos parece que aunque la moción de reconsideración que se presentó después no haga referencia a la primera y parezca por sus términos una petición independiente, debe considerarse como complementaria de la primera, constituyendo la fecha de ésta el verdadero punto de partida para la computación del término.

*Siendo ello así, precisa reconocer que erró la Comisión al negarse a resolver por sus méritos la reconsideración pedídale. Tiene jurisdicción y el asunto debe volver ante ella para que actúe y resuelva la cuestión planteada de acuerdo con los hechos y la ley.*