Jorge Luis González, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., y Rafael de J. Cordero, Administrador del Fondo del Seguro del Estado, demandados.

Núm. 241.—*Sometido:* Mayo 27, 1942. *Resuelto:* Junio 24, 1942.

*Víctor M. Marchán,* abogado del recurrente; *G. Atiles Moréu, Ángel de Jesús Matos* y *Joaquín Correa,* abogados del Administrador del Fondo del Seguro del Estado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Éste es un recurso de revisión contra una resolución de la Comisión Industrial privando a un obrero de su derecho a continuar percibiendo compensación de acuerdo con la Ley de Compensaciones por Accidentes del Trabajo, basada en la negativa u oposición del obrero, sin justa causa, a someterse al tratamiento médico proporciónádole por el Administrador del Fondo del Seguro del Estado.

No existe controversia sobre que el recurrente estaba recluído en una clínica privada donde se le suministraba tratamiento por cuenta del Fondo del Seguro del Estado por lesiones recibidas durante el curso de su empleo; que una

noche, después que se había emborrachado, se comportó desordenadamente; que debido a este incidente al día siguiente fué dado de alta de la clínica por uno de sus doctores; que la clínica así lo notificó al Fondo del Seguro del Estado mediante una carta; que el Administrador del Fondo del Seguro del Estado no dictó resolución alguna privando de compensación al recurrente, pero que un representante del Fondo llevó al recurrente ante la Comisión Industrial donde, al ser sometido a un interrogatorio, admitió que en aquella ocasión él se había dado unos "palos".

En el récord no hay hechos sobre los cuales basar la conclusión de la Comisión al efecto de que el obrero rehusó o se opuso, sin justa causa, a someterse al tratamiento médico provisto por el Administrador. No hubo testimonio médico en cuanto a la naturaleza del padecimiento del recurrente o en cuanto al efecto que pueda tener la embriaguez sobre su convalescencia (*Montaner, Admor.* v. *Comisión Industrial,* 54 D.P.R. 722). Si hubiera habido testimonio de que el recurrente había violado órdenes del doctor prohibiéndole que ingiriera licores embriagantes porque tal acto podría retardar su restablecimiento, la acción de la comisión hubiera estado justificada. Pero en este caso no hubo tal testimonio. A lo sumo, se demostró que en una ocasión él había estado borracho y se comportó en forma desordenada. Esto no equivale *per se* a una negativa a someterse al tratamiento médico. *Cf. González* v. *Comisión Industrial,* 56 D.P.R. 8. Véase también *Montaner, Admor.* v. *Comisión Industrial,* 56 D.P.R. 286, 294, 295.

Hay una razón adicional por la cual la resolución de la Comisión Industrial fué impropia. El plan general de esta ley es que el Administrador del Fondo resuelva las cuestiones en primera instancia. Si un obrero no está conforme con tal decisión, puede, siguiendo el procedimiento fijado en el estatuto, obtener que ésta sea revisada por la Comisión Industrial. *Montaner, Admor.* v. *Comisión Indus-*

*trial,* 52 D.P.R. 924. Si bien es cierto que el estatuto provee que en algunos casos el Administrador someterá los hechos a la Comisión para su resolución sin que previamente él tome una decisión, sin embargo, el caso de autos claramente cae dentro del plan general del estatuto. Párrafo 4 de la sección 5, Ley Núm. 45, Leyes de Puerto Rico, 1935.

En ausencia de una decisión anterior del Administrador privando al recurrente de su derecho a percibir compensación, la Comisión Industrial no tenía por tanto autoridad para dictar la resolución en este caso. La cuestión que ahora está bajo nuestra consideración no fué levantada en *Santos* v. *Comisión Industrial,* 58 D.P.R. 311. Nada de lo que allí dijimos afecta nuestra conclusión aquí de que bajo los hechos del presente caso es necesaria una decisión anterior del Administrador antes de que la Comisión Industrial pueda actuar.

*La resolución de la Comisión Industrial será revocada.*

El Juez Asociado Sr. Travieso no intervino.