RAFAEL DE J. CORDERO, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada; CARMELO ROSADO RODRÍGUEZ, obrero lesionado.

Núm. 262.—*Sometido:* Marzo 1, 1943. *Resuelto:* Marzo 8, 1943.

*Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar, y G. Atiles Moréu, Angel de Jesús Matos y Joaquín Correa Suárez,* abogados los tres últimos del Fondo del Estado, abogados todos del recurrente; *Carmelo Rosado Rodríguez,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Un obrero se lesionó en el curso de su empleo, suministrándosele tratamiento médico por el Administrador del Fondo. del Estado. Fué examinado por los médicos del Fondo, y fué llevado a presencia del asesor médico de la Comisión Industrial. Informes médicos de estos exámenes fueron rendidos al Administrador. Éste dictó una decisión tomando como base estos informes. Resolvió que el obrero estaba interviniendo con su tratamiento médico con el propósito de retardar el mismo y ordenó que se privara al obrero de su derecho a recibir compensación alguna por el accidente, sin perjuicio de continuar recibiendo tratamiento médico hasta su total restablecimiento. El obrero apeló para ante la Comisión Industrial. Ésta dictó la siguiente resolución:

"Visto que en el caso de epígrafe, en el que se alega por el Asegurador que el obrero se interviniera con su lesión, no se le dió oportunidad a la Comisión de seguir la pauta que nos trazara el Tribunal Supremo de Puerto Rico en el caso de *Luis Santos* (58 D.P.R. 311), ya que el obrero no fué traído de primera intención a presencia de la Comisión Industrial o de uno de sus Comisionados, de acuerdo con lo resuelto por esta Comisión en los casos de *Celestino Díaz*, C. I. 17218, y *Dolores Vázquez Mercado*, C. I. 17287, resolvemos revocar la decisión del Administrador del Fondo del Seguro del Estado, y le ordenamos que haga efectiva al obrero la compensación a que por ley tenga derecho."

La Comisión declaró sin lugar una moción de reconsideración, y trajimos el caso ante nosotros para revisar esa actuación.

■■ Al dictar su resolución, aparentemente la Comisión pasó por alto nuestra decisión en *González* v. *Comisión Industrial,* 60 D.P.R. 622, decidido a la luz de hechos casi idénticos a los envueltos en este caso. Al considerar esta cuestión, dijimos en el caso de *González,* a la pág. 623: "El plan

general de esta ley es que el Administrador del Fondo resuelva las cuestiones en primera instancia. Si un obrero no está conforme con tal decisión, puede, siguiendo el procedimiento fijado en el estatuto, obtener que ésta sea revisada por la Comisión Industrial. *Montaner, Admor.* v. *Comisión Industrial,* 52 D.P.R. 924. Si bien es cierto que el estatuto provee que en algunos casos el Administrador someterá los hechos a la Comisión para su resolución sin que previamente él tome una decisión, sin embargo, el caso de autos claramente cae dentro del plan general del estatuto. Párrafo 4 de la sección 5, Ley núm. 45, Leyes de Puerto Rico, 1935.

"En ausencia de una decisión anterior del Administrador privando al recurrente de su derecho a percibir compensación, la Comisión Industrial no tenía por tanto autoridad para dictar la resolución en este caso. La cuestión que ahora está bajo nuestra consideración no fué levantada en *Santos* v. *Comisión Industrial,* 58 D.P.R. 311. Nada de lo que allí dijimos afecta nuestra conclusión aquí de que bajo los hechos del presente caso es necesaria una decisión anterior del Administrador antes de que la Comisión Industrial pueda actuar."

En el caso de *Santos,* se revocó la resolución de la Comisión porque el obrero *nunca* tuvo una oportunidad de presentar su defensa. El hecho de si fué o no error traer al obrero ante la Comisión antes de que el Administrador dictara su decisión, no se alegó o consideró en el caso de *Santos.* Cuando por primera vez se le planteó esa cuestión a este Tribunal en el caso de *González,* resolvimos, como se ha señalado, que el primer requisito es una decisión del Administrador. Luego el obrero, si no está satisfecho, puede apelar de ella.

El Administrador, por lo tanto, actuó correctamente al decidir este caso sin llevar antes al obrero ante la Comisión. Por consiguiente, era obligatorio para la Comisión decidir

en sus méritos la apelación del obrero contra la decisión del Administrador.

*La decisión de la Comisión Industrial será revocada y devuelto el caso a dicha Comisión para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.