RAFAEL DE J. CORDERO, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y JESÚS LAUREANO, obrero lesionado.

Núm. 274.—*Sometido:* Diciembre 6, 1943. *Resuelto:* Diciembre 17, 1943.

*Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar* y *Angel de Jesús Matos, Joaquín Correa Suárez* y *Joaquina Pérez Cordero,* abogados los tres últimos del Fondo del Estado, abogados todos del recurrente; la Comisión demandada y el obrero lesionado no comparecieron.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 19 de abril de 1943 Jesús Laureano sufrió un accidente mientras trabajaba para un patrono asegurado. El Fondo del Seguro del Estado le proporcionó tratamiento médico hasta el 28 de mayo de 1943, cuando el Administrador, debido a los informes de los médicos del Fondo, le dió de alta y le fijó una incapacidad permanente equivalente a la pérdida de un diez por ciento de las "funciones fisiológicas del brazo por el hombro izquierdo."

Laureano apeló de esta decisión para ante la Comisión Industrial. Entonces fué examinado por un médico de la Comisión. Basándose en el informe de dicho médico, y sin celebrar una vista del caso, la Comisión ordenó al Administrador que proveyera a Laureano tratamiento médico adicional. El Administrador radicó una moción de reconsideración, alegando que la Comisión había resuelto el caso tomando como base un informe *ex parte* de su médico y sin proporcionar al Administrador una oportunidad de ser oído. La Comisión declaró sin lugar su moción. Expedimos el auto en la solicitud de revisión radicada por el Administrador.

Alega la Comisión en su resolución que el artículo 5 de la Ley de Compensaciones por Accidentes del Trabajo es aplicable a los hechos aquí envueltos. Dicho artículo lee en parte como sigue:

"Durante el período de inhabilitación, el obrero o empleado lesionado o enfermo, bajo las circunstancias que cubre esta Ley, se dejará tratar y examinar a horas y en sitios oportunos por un médico competente designado por el Administrador; *Disponiéndose,* que si el Administrador no proveyera asistencia adecuada al obrero o

empleado, éste podrá acudir ante la Comisión Industrial y ésta, previa investigación por un médico designado al efecto ordenará la asistencia que convenga al caso y el Administrador cumplirá con la orden de la Comisión; . . . ".

Por otro lado, el Administrador alega que el artículo 3 es el pertinente. Dicho artículo lee en parte como sigue:

"Todo obrero o empleado que sufriere lesiones o enfermedades ocupacionales dentro de las condiciones de esta Ley y tal como se establece en el artículo 2, tendrá derecho:

"Asistencia Médica. 1. A la asistencia médica y medicinas que le fueren prescritas, incluyendo servicios de hospital cuando fuere necesario, pero cuando a juicio del Administrador del Fondo del Estado tales servicios médicos o de hospital deban descontinuarse, el obrero o empleado podrá apelar ante la Comisión Industrial."

Es correcta la contención del Administrador. El artículo 3 tiene por miras los hechos específicos de este caso. Dispone que, después que se le ha proporcionado tratamiento médico al obrero, debe suspenderse el tratamiento cuando a juicio del Administrador el obrero no necesite más tratamiento. Eso es precisamente lo que ocurrió en el presente caso. De no estar conforme el obrero, puede apelar para ante la Comisión. Pero en dicho caso el Administrador tiene el derecho de ser oído. Resolver lo contrario equivaldría a imponerle al Fondo incalculables obligaciones sin darle su día en corte.

El artículo 5 regula los casos en que el obrero tiene todavía que someterse a tratamiento. Bajo tales circunstancias, si el Administrador rehusa proporcionarle tratamiento, el obrero puede acudir ante la Comisión, la que, sin necesidad de celebrar una vista, puede ordenarle al Administrador que provea el tratamiento. Aparentemente, la Asamblea Legislativa creyó que la urgencia de tal situación justificaba este procedimiento sumario. Ésta es una de las raras ocasiones en que la Ley de Compensaciones por Accidentes del Trabajo contempla la celebración de procedimientos originales por la Comisión en vez de procedimientos en apelación.

(Véanse *González* v. *Comisión Industrial,* 60 D.P.R. 622, y *Cordero, Admor.* v. *Comisión Industrial,* 61 D.P.R. 466). Pero el artículo 3 contempla una situación enteramente diferente para la cual la Asamblea Legislativa dispuso la salvaguardia del procedimiento apelativo.

En su resolución la Comisión expresó su opinión de que el resultado a que hemos llegado retardaría seriamente el tratamiento médico adicional en aquellos casos en que se necesitara inmediatamente. La Comisión debe tomar los pasos necesarios para resolver esta dificultad, prestando a dichos casos atención preferente y rápida.

*La resolución de la Comisión será revocada y devuelto el caso para ulteriores procedimientos no inconsistentes con esta opinión.*