G. Atiles Moréu, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada; Domingo Torres, lesionado.

Núm. 313.—*Sometido:* Mayo 10, 1944. *Resuelto:* Mayo 17, 1944.

*Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar y Joaquina Pérez Cordero, A. de Jesús Matos, J. Correa Suárez y A. Sandín del Manzano,* abogados del recurrente; *Edelmiro Soldevila,* abogado del lesionado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El obrero Domingo Torres sufrió un accidente el día 13 de marzo de 1943 y fué sometido a tratamiento médico. El 19 de abril del mismo año fué dado de alta para trabajar y para recibir tratamiento en horas no laborables. En agosto 23 de 1943, el obrero radicó un escrito de apelación y solicitó dietas desde abril 20 a julio 17 de 1943, alegando que durante ese período no pudo trabajar.

En la vista celebrada ante la Comisión, el reclamante no presentó prueba alguna, excepto su declaración, para demostrar que durante el indicado período él no estaba en condiciones para poder trabajar. El Administrador del Fondo del Estado solicitó de la Comisión que dejara abierto el caso para traer al Dr. Marqués, médico que asistió al obrero, quien podía declarar si el obrero estaba o no en condiciones para poder trabajar, cuando él le dió de alta en abril 19. La Comisión denegó la solicitud del Administrador y en noviembre

5, 1943 dictó su resolución declarando con lugar la petición del obrero y resolviendo, además, "que la interpretación que le damos al artículo 3 de la ley, es la de que todo obrero o empleado lesionado tiene derecho a recibir sus compensaciones semanales o dietas mientras tenga necesidad de recibir tratamiento médico, cualquiera que éste sea".

El Administrador interpuso el presente recurso, alegando que la Comisión erró (1) al resolver en ausencia de prueba, que el obrero no estaba capacitado para reintegrarse al trabajo; (2) al negarse a conceder al Administrador un término, aún cuando fuera breve y perentorio, para probar la legitimidad del alta para el trabajo; y (3) al resolver que el Administrador carece de facultad para decretar, en casos adecuados, tratamiento en horas no laborables con cargo al Fondo del Seguro del Estado.

██ La sección 3, inciso 1 de la Ley de Compensaciones por Accidentes del Trabajo (Ley 45 de 1935 (1) pág. 251) dispone que cuando a juicio del Administrador del Fondo los servicios médicos o de hospital deban descontinuarse, el obrero podrá apelar ante la Comisión Industrial. En el presente caso el médico que asistía al obrero le dió de alta el 19 de abril de 1943, por considerar que su incapacidad para el trabajo ya había desaparecido. Sin embargo, el obrero esperó hasta el 23 de agosto de 1943 para radicar su apelación.

En la vista ante la Comisión declaró el obrero reclamante que él recibió dietas hasta el 19 de abril y que "de ahí en adelante continué en tratamiento hasta el 16 de julio que fuí donde el doctor Marqués y me dió el alta para trabajar, el 17 de julio, sin recibir dietas todo ese tiempo". Esta declaración está en abierta contradicción con la alegación del Administrador de que el obrero fué dado de alta para el trabajo el día 19 de abril de 1943. Solicitó el Administrador que se dejara el caso abierto "para probar con el médico que trató al obrero, el médico que le daba tratamiento en horas no laborables, que la condición de la mano no le impedía trabajar".

La Comisión declaró cerrado el caso y dictó su resolución sin oír la prueba ofrecida por el Administrador.

No encontramos justificada la festinación de la Comisión para resolver el caso sin dar al Administrador una oportunidad de presentar la prueba por él ofrecida para demostrar que cuando fué dado de alta, en abril 19 de 1943, el obrero reclamante estaba en condiciones para poder dedicarse a su trabajo habitual. La tardanza del obrero en formular su reclamación y la insuficiencia de la declaración prestada por él ante la Comisión, hacen surgir dudas que seguramente hubiesen sido disipadas por la declaración del Dr. Marqués, el médico encargado de la curación del reclamante. Nada hubiera perdido el reclamante si la Comisión hubiese concedido al Administrador la oportunidad de defender el fondo bajo su custodia contra una posible reclamación infundada o de corroborar con la del médico la declaración del reclamante en cuanto a su alegada incapacidad. Los reclamantes de compensaciones tienen derecho a un juicio rápido, pero no hasta el punto de que se prive al Administrador del Fondo de la oportunidad de presentar su prueba y de ser oído en defensa de los intereses que la ley le ha encomendado.

Opinamos que la Comisión no hizo buen uso de su discreción y que erró al negarse a oír la evidencia ofrecida por el Administrador.

■ No estamos de acuerdo con la interpretación que la Comisión da al artículo 3 de la ley. Es indudable que el obrero lesionado tiene derecho a recibir sus compensaciones semanales o dietas, por la cantidad y por el término fijado por la ley, siempre que se encuentre incapacitado para el trabajo. Pero pudiera muy bien suceder que el obrero se encontrase en condiciones para poder trabajar y ganar su jornal completo y que por consejo del médico estuviese recibiendo un tratamiento adicional durante las horas no laborables, en cuyo caso el obrero no tendría derecho a continuar

recibiendo dietas. Véase: *Cordero, Admor.* v. *Comisión Industrial,* 62 D.P.R. 719.

*Por las razones expuestas procede dejar sin efecto la resolución recurrida y devolver el caso a la Comisión para ulteriores procedimientos no inconsistentes con esta opinión.*