José M. Alonso García, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada; José R. Sánchez Dávila, lesionado.

*Número:* O-74-349     *Resuelto:* 29 de abril de 1975

*Moisés García Viera, Jorge Márquez Gómez* y *Miguel A. Guzmán Soto,* abogados del recurrente; *Antonio E. Arraiza Miranda,* abogado del lesionado.

PER CURIAM: El obrero José R. Sánchez Dávila sufrió un accidente del trabajo el 10 de noviembre de 1968. No fue hasta cerca de dos años después—el 23 de octubre de 1970—que se dio conocimiento de dicho accidente al Fondo del Seguro del Estado. El Administrador del Fondo inició prontamente la correspondiente investigación y mientras tanto, se inició el pago de dietas, incluyendo una cantidad global por el período transcurrido desde la fecha del accidente hasta que éste fue informado.

El 21 de noviembre de 1973 el Administrador emitió decisión final en el caso determinando que el obrero sufrió un accidente del trabajo el 10 de noviembre de 1968 y que como consecuencia ha quedado totalmente incapacitado para trabajar. Dispuso que se pagara al obrero una compensación equivalente al 66⅔ por ciento del jornal que devengaba al ocurrir el accidente y que de los pagos a hacérsele se le dedujese "proporcionalmente la suma de $7,579.80 que se le pagó por error por el período comprendido entre el 11 de noviembre de 1968 y el 23 de octubre de 1970." El obrero apeló contra esta determinación para ante la Comisión Industrial.

Luego de celebrar una vista y oír a las partes, la Comisión resolvió que no procedía descontar de la compensación final concedida al obrero lo pagádole por concepto de dietas. No cuestionó la Comisión si el pago por tal concepto fue hecho indebidamente, limitándose a señalar que "si el Fondo del Seguro del Estado entiende que ha hecho pagos indebidos que radique una acción civil." Denegada la reconsideración solicitada por el Administrador, éste ha recurrido ante nos.

■ El pago de dietas procede bajo el Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3, como compensación al obrero mientras se encuentre temporalmente incapacitado para trabajar, siempre que se determine que hubo un accidente del trabajo y que dicha incapacidad es resultante del accidente. Véase *Rivera Rivera* v. *Comisión Industrial*, 101 D.P.R. 712 (1973). La prontitud en la notificación del accidente al Fondo es esencial, tanto para mitigar el estado de penuria económica del obrero y de los que de él dependen que resulta de su incapacidad para trabajar, como para dar oportunidad al Administrador de investigar las circunstancias del accidente y la condición del obrero y hacer una pronta determinación sobre la compensabilidad del accidente y sobre la existencia de alguna incapacidad permanente.

De los autos ante nos no surge la razón por la que la notificación del accidente se dilató dos años. Bajo el Art. 13 de la citada Ley, 11 L.P.R.A. sec. 14, es obligación del patrono presentar un informe escrito al Administrador dentro de los cinco días después de ocurrir un accidente, notificando todos los pormenores del accidente y del obrero lesionado. No hacerlo, además de constituir un delito bajo dicho artículo, es base para una acción civil del obrero contra el patrono si ello tiene el efecto de privarle de los beneficios dispuestos en la Ley. Véase *Torres* v. *Municipio de Ponce*, 62 D.P.R. 711 (1943).

■ No habiéndose cuestionado ante la Comisión, ni habiéndose resuelto por dicho organismo si el pago retroactivo

de dietas fue indebidamente hecho, no está ante nos resolverlo. Ciertamente, si el pago fue hecho indebidamente, el Fondo del Seguro del Estado tiene derecho a resarcirse, y no es menester para ello que recurra al foro judicial.

El Art. 124 del Código Político, 3 L.P.R.A. sec. 278, dispone, en lo aquí concerniente:

"No se pagará dinero a ninguna persona por concepto de salario, o reclamación entablada contra el Estado Libre Asociado de Puerto Rico o los municipios, si el interesado se hallare en descubierto con el Estado Libre Asociado o un municipio, por deudas atrasadas, y así consta en los récords del Estado Libre Asociado o del municipio, mientras no hubiere aquél arreglado sus cuentas y satisfecho todas las cantidades de las cuales fuere responsable. Disponiéndose, que por razones suficientes y siempre que los intereses del Estado Libre Asociado de Puerto Rico o de un municipio, resultaren con ello beneficiados, podrán hacerse los necesarios pagos de retribución o salario devengado por personas en descubierto con el Estado Libre Asociado o un municipio, que continúan en el servicio del Estado Libre Asociado de Puerto Rico, corporaciones públicas o municipios mediante la aprobación del Secretario de Hacienda, si la deuda es con el Estado Libre Asociado o con la del Alcalde si la deuda es con un municipio.

En todos los casos en que la paga o salario de alguna persona, o una cantidad por reclamación reconocida como buena contra el Estado Libre Asociado de Puerto Rico, o contra un municipio, se retuviere en cumplimiento de esta sección, deberá abonarse a cuenta de la deuda o persona alcanzada, la cantidad así retenida o la parte de ella que fuere necesaria para satisfacer o extinguir dicha deuda. El Secretario de Hacienda, en lo que respecta a deudas con el Estado Libre Asociado, queda por la presente autorizado, si la situación económica del deudor así lo justificare, a conceder un plan de pagos parciales que facilite el pago de la deuda. En lo que respecta a deudas con los municipios, será el Alcalde del municipio, con la aprobación de la Asamblea Municipal, quien tendrá la facultad para conceder planes de pago."

Para la fecha en que se emitió la decisión del Administrador ya estaban vigentes los párrafos 2A, 2B y 2C, adicionados

al Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, por la Núm. 53 de 31 de mayo de 1972. Los párrafos adicionados tuvieron el propósito de remediar la situación en que se encontraría un obrero lesionado si no recibiera compensación durante el período de su incapacidad temporal o de recuperación, pendiente de que se determine si su condición es compensable. Para ese propósito crean un Fondo de Anticipo para el Pago de Incapacidades Transitorias y autorizan al Administrador para que con cargo a dicho Fondo pague las dietas al obrero mientras se determina el aspecto de compensabilidad, quedando a salvo el derecho del Administrador de recobrar lo pagado indebidamente por ese concepto, al establecer un "gravamen preferente sobre el seguro o cualquier otro plan a que tenga derecho el lesionado."

Como puede colegirse, bien bajo el Art. 124 del Código Político, como bajo los citados párrafos adicionados por la Ley Núm. 53 del 1972, el Administrador puede recobrar, mediante un plan de descuentos como el dispuesto por él, los pagos hechos indebidamente.

*Se revocará la resolución de la Comisión Industrial y en su lugar se dictará otra confirmando la decisión del Administrador del Fondo del Seguro del Estado.*