Víctor Ríos Rivera, lesionado, Puerto Rico Glass Corporation, patrono, v. Comisión Industrial de Puerto Rico, etc., demandada y recurrida, Fondo del Seguro del Estado, asegurador y recurrente.

Número: O-79-125    Resuelto: 25 de junio de 1979

810

*Víctor G. Colón Hernández, Antonio Acevedo Torres* y *Francisco Falú Lebrón,* abogados del Fondo del Seguro del Estado, recurrente; *Manuel De Jesús Mangual, José A. Lugo Irizarry, Pedro M. Ortiz Ubiñas* y *Héctor García Fernández,* abogados del lesionado.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Los hechos que plantea el presente recurso requieren que examinemos una vez más—ya lo habíamos hecho en *Rivera*

*Rivera* v. *Comisión Industrial,* 101 D.P.R. 712 (1973)—lo relacionado con el pago de dietas por parte del Fondo del Seguro del Estado, particularmente en el caso de personas a quienes se les ha reconocido alguna incapacidad parcial permanente con motivo de lesiones contraídas en relación con su empleo, si dichas personas reclaman derecho a tratamiento médico adicional al que se les brindó durante el período inicial de recuperación.

■ Señalamos en *Rivera Rivera,* supra, pág. 716, que "[la] Ley de Compensaciones por Accidentes del Trabajo, codificada en el Título 11 de *Leyes de Puerto Rico Anotadas* (L.P.R.A.), establece distintamente tres tipos de beneficios a que tiene derecho todo obrero o empleado que sufra lesiones o enfermedades ocupacionales dentro de las condiciones de dicha ley, a saber: (1) asistencia médica y medicinas que le sean prescritas, incluyendo servicios de hospital cuando fuere necesario; (2) compensación durante el período de recuperación, mientras el obrero esté incapacitado para trabajar, que es lo que se ha dado en llamar 'dietas'; y (3) compensación 'adicional' por cualquier incapacidad permanente resultante, fuere de naturaleza parcial o total." La controversia que ahora se suscita está centrada en los beneficios relacionados bajo el número (2), es decir, el derecho al pago de dietas, pero una vez se ha determinado la existencia de una incapacidad permanente y la persona lesionada reclama tratamiento adicional.

Veamos los hechos. El empleado Víctor Ríos Rivera sufrió una lesión en la espalda relacionada con su trabajo y bajo cubierta del Fondo del Seguro del Estado. Fue sometido oportunamente a tratamiento médico y dado de alta el 25 de enero de 1977, habiéndose determinado, mediante decisión notificádale el 21 de marzo de 1977, que resultó con una incapacidad parcial permanente equivalente al diez por ciento de sus funciones fisiológicas generales. El empleado no estuvo conforme y apeló para ante la Comisión Industrial. Esta se-

ñaló vista médica para el 2 de mayo siguiente, que fue suspendida por incomparecencia del abogado del apelante. Se hizo un segundo señalamiento de vista médica para el 17 de mayo de 1977 que también se suspendió, esta vez por faltar el expediente del Fondo. Un tercer señalamiento para el 6 de junio se dejó sin efecto por no haber comparecido ni el apelante ni su abogado. Finalmente se celebró la vista los días 22 de junio y 16 de noviembre de 1977, cuando se resolvió por la Comisión referir al empleado al Fondo para evaluación y terapia física en descanso. Parece no haber controversia en cuanto a que desde que se inició el tratamiento de terapia física en descanso—presumimos que el 17 de noviembre de 1977 —el apelante ha continuado bajo dicho tratamiento y no ha sido dado de alta.

El apelante reclamó del Fondo que se le pagaran dietas por el período comprendido entre el 25 de enero de 1977, fecha del alta luego del tratamiento inicial, y el 17 de noviembre de 1977, fecha siguiente a la decisión de la Comisión de referirlo al Fondo para evaluación y terapia física en descanso. El Fondo denegó la reclamación y el empleado apeló nuevamente ante la Comisión que luego de una vista pública ante un oficial examinador celebrada el 9 de agosto de 1978, decidió por resolución de 8 de diciembre de 1978 que el empleado reclamante tiene derecho al pago de dietas "desde el 2 de mayo de 1977 al 15 de noviembre de 1977, previa verificación de que el lesionado no realizó labor remunerativa alguna durante el referido período." A petición del Fondo hemos acordado revisar dicha decisión y la resolución posterior que denegó su reconsideración, según lo intimamos en resolución sobre mostración de causa.

La Ley de Compensaciones por Accidentes del Trabajo regula lo concerniente al pago de dietas en el inciso 2 de su Art. 3, 11 L.P.R.A. sec. 3, bajo el título "Incapacidad Transitoria." Dicho inciso 2 dispone en su primer párrafo, que es el aquí aplicable, lo siguiente:

"2. Si la incapacidad fuere de carácter temporal o transitoria, a una compensación equivalente a sesenta y seis y dos tercios (66⅔) por ciento del jornal que percibía el día del accidente, o que hubiere de percibir a no ser por la ocurrencia del accidente, durante el período de incapacidad para el trabajo, pagadera por semanas vencidas. El período de tal pago no excederá en ningún caso de trescientas doce (312) semanas; Disponiéndose, que en ningún caso se pagará más de cuarenta y cinco (45) dólares ni menos de diez (10) dólares semanales. No se concederá compensación alguna por los primeros tres (3) días subsiguientes a la fecha en que el obrero o empleado se presente al médico para recibir tratamiento, a menos que el período de incapacidad para el trabajo como resultado de la lesión se prolongue por diez (10) días o más, en cuyo caso se pagará al obrero o empleado lesionado el importe de los referidos tres (3) días. Disponiéndose que en aquellos casos que un lesionado a juicio del Administrador requiera como parte del tratamiento ser referido a adiestramiento o readiestramiento vocacional el lesionado recibirá a la [*sic*] compensación antes mencionada, pero en ningún caso se pagará más de veinte y seis (26) semanas. Ningún empleado o funcionario público, podrá recibir durante el período de incapacidad para el trabajo, con excepción del período que disfrute de la licencia regular por vacaciones o por enfermedad, cantidad alguna por concepto de compensaciones semanales que, sumado al sueldo que reciba de la agencia del gobierno para la que trabaje, exceda del sueldo regular de su plaza."

■ Señalamos en nota al pie de página en *Rivera Rivera*, pág. 716, escolio (2), la tendencia moderna a abandonar la terminología clásica de "incapacidad temporera" o "transitoria" a que se aplica el pago de dietas, y llamar "período de recuperación," en inglés *healing period*, a aquél comprendido entre el momento en que el lesionado se presenta al médico para tratamiento y la fecha en que es dado de alta. Al leer el transcrito primer párrafo del inciso 2 se notará que no se hace distinción alguna respecto a si el derecho a dietas ha de referirse al tratamiento que normalmente antecede a la determinación de la existencia de una incapacidad permanente, o a tratamiento posterior a dicha determinación.

■ Reconocemos en la Ley de Compensaciones por Accidentes del Trabajo y los reglamentos adoptados para hacerla cumplir las siguientes circunstancias bajo las cuales el Fondo del Seguro del Estado debe proveer tratamiento médico a un empleado que esté lesionado o sufra alguna condición física o mental como consecuencia de su trabajo:

(1) período de recuperación inicial, que es el que se inicia una vez el empleado se presenta para tratamiento luego de ocurrir un accidente del trabajo o cuando el empleado se queja por primera vez de alguna condición relacionada con su trabajo, y termina al ser dado de alta curado y sin incapacidad o porque se reconoce la existencia de una incapacidad permanente que no ha de mejorar con más tratamiento; 11 L.P.R.A. sec. 3; *Rivera Rivera* v. *Comisión Industrial,* supra;

(2) período de recuperación por recidiva, que es cuando con posterioridad al período de recuperación inicial, el empleado sufre una recaída en su condición sin intervención de causa alguna ajena al accidente, y dicha recaída requiere tratamiento adicional; 11 L.P.R.A. sec. 3; 11 R.&R.P.R. sec. 3–4. Véase *Colbert* v. *Consolidated Laundry,* 107 A.2d 521 (1954); y

(3) período de recuperación por agravación de una incapacidad preexistente,(¹) que es cuando con motivo de un segundo o subsiguiente accidente del trabajo, el empleado que ya padece una incapacidad parcial permanente, sufre una agravación de ésta y requiere tratamiento.

■ En cualquiera de estos casos el Fondo viene obligado a pagar dietas al empleado si durante el tratamiento el empleado está incapacitado para trabajar. *Alonso García* v. *Comisión Industrial,* 103 D.P.R. 751, 753 (1975). Esta incapacidad transitoria puede deberse a que la condición del empleado no le permita trabajar o a que el tratamiento mismo

---

(¹) La Ley regula estas incapacidades en el citado Art. 3 bajo el acápite "Incapacidades preexistentes." 11 L.P.R.A. sec. 3.

impide que trabaje. (²) El pago de dietas estará sujeto sin embargo y en cada caso, a que la duración del tratamiento exceda de tres días y no exceda en su total acumulado las 312 semanas. 11 L.P.R.A. sec. 3, inciso 2.

Como hemos señalado, en adición al pago de dietas, el empleado a quien se le reconozca una incapacidad permanente (³) relacionada con su trabajo tiene derecho a compensación adicional computada a base de dicha incapacidad, 11 L.P.R.A. sec. 3; *Cordero, Admor.* v. *Comisión Industrial*, 59 D.P.R. 757 (1942). Ambos pagos sin embargo, no deberán coexistir. Bajo disposiciones estatutarias que persiguen propósitos similares a la nuestra así se ha resuelto en *State Highway Dept.* v. *Crossland*, 391 P.2d 801 (1964); *Franks* v. *Dept. of Labor & Industries*, 215 P.2d 416 (1950). Así, respecto al período de recuperación inicial, terminado éste se suspenderá el pago de dietas y comenzará el pago de compensación adicional si se determinare la existencia de una incapacidad permanente. Respecto a los períodos de recuperación por recidiva o por agravación de una incapacidad preexistente, se suspenderán los pagos correspondientes a compensación adicional una vez se restablezca el derecho al pago de dietas y mientras ese derecho subsista. Terminado ese segundo o subsiguiente período de recuperación con el alta que se decrete, se reinstalarán los pagos por compensación adi-

---

(²) Un empleado puede ser dado "de alta para continuar trabajando con derecho a curación en horas no laborables, por razón de haber cesado la inhabilidad para el trabajo." 11 R.&R.P.R. sec. 3-7(a). En estos casos debe considerarse que el período de recuperación en lo que al pago de dietas se refiere, termina con el "alta para continuar trabajando." Véase *Atiles, Admor.* v. *Comisión Industrial*, 63 D.P.R. 664 (1944).

(³) Permanente es aquella incapacidad que ha de existir a través de toda la vida del lesionado. 2 Larson *The Law of Workmen's Compensation*, sec. 57.10, nota 7. Dicha condición, sin embargo, puede agravarse, mejorar, o aun en ciertos casos, desaparecer, lo que motivaría la reapertura del caso y el ajuste en la compensación. 3 Larson, *supra*, sec. 81.00; 11 L.P.R.A. sec. 6; *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 270 (1975); *Rodríguez* v. *Comisión Industrial*, 62 D.P.R. 915 (1944).

cional. Véase *Hondo Petroleum Co.* v. *Piearcy*, 376 P.2d 1012 (1962). Los períodos de recuperación no afectarán la duración o número de semanas a que el empleado tenga derecho por concepto de compensación adicional.

La razón de ser de estos pagos de dietas estriba en el concepto por el cual se pagan dietas. Hemos señalado que el pago de dietas procede si el empleado por motivo de su condición o del tratamiento está impedido de trabajar. *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 751, 753 (1975). La Ley, hemos dicho, llama paga por "incapacidad transitoria" a estos pagos de dietas. Un empleado con una incapacidad parcial permanente puede trabajar, aunque limitado por su incapacidad. *Cf. Rodríguez Ortiz* v. *Comisión Industrial*, 90 D.P.R. 764 (1964); *Arzola Maldonado* v. *Comisión Industrial*, 92 D.P.R. 549 (1965). La Ley le compensa en ese caso por la limitación que tiene. Pero si durante un período de recuperación está temporeramente impedido de trabajar, está privado del ingreso que el trabajo podría producirle, y la Ley le compensa por esa incapacidad temporera mediante el pago de dietas. Aunque este pago por dietas está limitado al equivalente de dos terceras partes del salario que devengaba antes de iniciarse el período de recuperación, pero no más de $45.00 ni menos de $10.00 por semana, dicha paga es normalmente mayor que la compensación por la incapacidad permanente. Es así porque aunque limitadamente las dietas pretenden suplir el salario que devengaba el empleado, mientras que la compensación adicional por incapacidad permanente suple el por ciento de incapacidad que limita la productividad del empleado. El pago de dietas se hace en base a un supuesto de incapacidad total transitoria. El pago de compensación adicional se basa en una incapacidad permanente, que puede ser parcial o total.

Atendidas las precedentes consideraciones, volvamos al caso de Víctor Ríos Rivera. Luego del período de recuperación inicial, el Fondo le dio de alta con un diez por ciento de inca-

pacidad permanente. No estuvo conforme y apeló a la Comisión. Esta no determinó un aumento en la incapacidad, pero dispuso tratamiento adicional de "terapia física en descanso." Podría entenderse con ello que la Comisión consideró que el período de recuperación inicial no había terminado cuando el Fondo le dio de alta el 25 de enero de 1977, lo que significaría que el Fondo le dio de alta indebidamente. Si ello fuere así, el pago de dietas no puede considerarse interrumpido el 25 de enero de 1977. La prueba reseñada en los autos ante nos, sin embargo, no permite concluir que el alta dada el 25 de enero de 1977 fuera incorrecta.

La Comisión Industrial entendió que el lesionado debía ser sometido a tratamiento adicional, y dispuso el pago de dietas desde el 2 de mayo de 1977 hasta el 15 de noviembre de 1977 (¿ ?). No acertamos a comprender la justificación de estas fechas. El 2 de mayo de 1977 fue la fecha del primer señalamiento para vista médica, dejado sin efecto por incomparecencia del abogado del lesionado, como fue también suspendido un señalamiento posterior—para el 6 de junio de 1977—por incomparecencia del lesionado y de su abogado. La fecha del 15 de noviembre es la anterior a la de la decisión de ordenar tratamiento adicional.

Se ha señalado, por otra parte, que a la fecha en que el caso quedó sometido a nuestra consideración (30 de abril de 1979) el lesionado continúa bajo tratamiento "en descanso" y no ha sido dado de alta por el Fondo. ¿Significa esto que este hombre ha estado bajo incapacidad total transitoria desde el 25 de enero de 1977 hasta el presente? Ello sería cuestionable si la incapacidad permanente del empleado que aquí nos ocupa es de solamente un diez por ciento de las funciones fisiológicas generales. Parece que por alguna parte se ha estado ignorando al lesionado, que debió ser atendido prontamente, o descuidando la obligación de velar por la solvencia económica del Fondo. El lesionado tampoco mostró gran interés en la solución de su caso, dado que él o su abogado o

ambos provocaron la suspensión de dos señalamientos para vistas médicas hechos por la Comisión.

El pago de dietas no puede hacerse depender de los azares del trámite administrativo. Debe depender de que se inicie y exista un período de recuperación que, como hemos señalado, supone que el empleado esté impedido de trabajar y que esté bajo tratamiento. Los autos ante nos son insuficientes para permitirnos llegar a alguna conclusión sobre el particular. Para hacer cumplida justicia al lesionado y al Fondo, deberá determinarse médicamente, tan cercano a la realidad como fuese posible, cuál ha debido ser la duración del período de recuperación de este lesionado a los fines de su posible derecho al pago de dietas y adjudicarse en definitiva el por ciento de su incapacidad permanente y la fecha a que deba retrotraerse tal adjudicación.

*Se expedirá el auto de revisión solicitado, se dejará sin efecto la resolución recurrida, y se dispondrá que el caso sea devuelto a la Comisión Industrial para que, a la mayor brevedad posible, determine lo que proceda de conformidad con lo aquí expuesto.*