**Vickey WERNER, widow of Jack Werner, Deceased, Respondent,**

v.

**OLMSTED COUNTY et al., Relators.**

No. 49833.

Supreme Court of Minnesota.

Feb. 29, 1980.

Laurence F. Koll and Kenneth E. McCoy, St. Paul, for relators.

Dorsey, Windhorst, Hannaford, Whitney & Halladay and Carol B. Bonebrake, Rochester, for respondent.

OTIS, Justice.

Olmsted County and its workers' compensation insurer seek review of a decision of

the Workers' Compensation Court of Appeals determining that Minn.Stat. § 176.111, subd. 21 (1978) does not permit coordination of workers' compensation dependency benefits and survivors benefits received by the dependents of a deceased deputy sheriff from the Police and Fire Fund administered by the Public Employees Retirement Association (PERA). Having concluded that this construction of the statute clearly reflects the legislature's intent, we affirm.

Employee, a deputy sheriff earning a weekly wage of $270.46, was killed in the line of duty on May 17, 1977. The county's insurer began paying dependency compensation of $135.00 a week to petitioner, employee's widow, and their two minor children. Employee had been a member of the Police and Fire Fund and was contributing eight percent of his salary to the fund at the time of his death; PERA, upon receiving notice of his death, began paying benefits of $450.00 a month, which were reduced to $364.73 a month upon petitioner's remarriage in January 1978. Employee's children also became entitled to receive survivors benefits of $550.00 a month under the Social Security Act. After paying compensation dependency benefits for a twenty-week period, the insurer notified petitioner that, upon coordinating those benefits with the survivors benefits from social security and from PERA, pursuant to § 176.111, subd. 21, it had determined that the compensation benefits should be $39.69 a week and that it had made an overpayment of $1,904.80 which it intended to recover by offsetting future payments against that amount. Petitioner's protest of the discontinuance and suspension of compensation payments led to the decision under review.

The statute on which the insurer relied to reduce the dependency benefits, Minn.Stat. § 176.111, subd. 21 (1978), provides in pertinent part:

The following provision shall apply to any dependent entitled to receive weekly compensation benefits under this section as the result of a death of an employee, and who is also receiving or entitled to receive benefits under any government survivor program:

The combined total of weekly government survivor benefits and workers' compensation death benefits provided under this section shall not exceed 100 percent of the weekly wage being earned by the deceased employee at the time of the injury causing his death; provided, however, that no state workers' compensation death benefit shall be paid for any week in which the survivor benefits paid under the federal program, by themselves, exceed 100 percent of such weekly wage * * *.

While the meaning of this provision is not entirely clear, the court below viewed the restriction in the proviso to "benefits paid under the federal program" as impliedly limiting the otherwise broad references to "benefits under any government survivor program" and "weekly government survivor benefits" to include only survivors benefits paid under federal programs. This construction of § 176.111, subd. 21, seems justified by its own language and carries out the apparent intent of the legislature both that dependents of a deceased employee who are entitled to both social security survivors benefits and dependency compensation should not receive more from those sources than the employee had earned and that the primary fund for the benefits to which they are entitled should be social security rather than workers' compensation.

We are further persuaded that this construction of § 176.111, subd. 21 is correct by the existence of Minn.Stat. 353.657, subd. 4 (1978). Enacted only two years prior to enactment of § 176.111, subd. 21, § 353.657, subd. 4, provides:

If a member [of the police and fire fund] shall die under circumstances which entitle his surviving spouse and dependent children to receive benefits under the Workers' Compensation Law, the amounts so received by them shall not be deducted from the benefits payable under this section.

In our view this provision plainly expresses the intention of the legislature that workers' compensation dependency benefits are

to be in addition to, and in no manner affected by, the survivor benefits payable pursuant to § 353.657.

Employee is awarded attorneys fees of $350.00.

Affirmed.