ANGÉLICA GÁMBARO RAMOS, lesionada y recurrida, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* O-81-674      *Resuelto:* 15 de marzo de 1982

*Milva Edet Hoyos* y *Antonio Acevedo Torres*, abogados del recurrente; *Rafael A. Oliveras Vera*, abogado de la recurrida.

PER CURIAM: El 30 de diciembre de 1981 expedimos resolución en que concedimos plazo a la recurrida para mostrar causa por la cual no debamos expedir el auto de

revisión solicitado y dejar sin efecto la resolución de la Comisión Industrial de 31 de julio de 1981 que dispone el pago de dietas a la recurrida por el período comprendido entre el 18 de mayo de 1979 y el 6 de marzo de 1980. Ha comparecido y no nos persuade para que variemos dicho criterio.

La recurrida Angélica Gámbaro Ramos sufrió dos accidentes del trabajo; uno el 6 de agosto de 1976 y otro el 9 de agosto de 1978. El 17 de mayo de 1979 el Fondo del Seguro del Estado la dio de alta con una incapacidad parcial permanente de 55% de las funciones fisiológicas generales. Fue sometida a evaluación por el Comité de Factores Socio-Económicos del Fondo, a fin de determinar si cualificaba para la concesión de incapacidad total y permanente a base de dichos factores. La recomendación del Comité fue favorable y el 21 de mayo de 1980 se le fijó incapacidad total permanente. El pago por concepto de incapacidad permanente se hizo retroactivo al 18 de mayo de 1979, según lo autoriza el Art. 3(4) de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3.

A pesar de haber cobrado por tal concepto, la recurrida solicitó el pago de dietas, es decir, por concepto de incapacidad transitoria, por el período del 18 de mayo de 1979 al 6 de marzo de 1980. El Fondo denegó su solicitud a base de que la recurrida había recibido compensación por concepto de incapacidad permanente. No conforme, ésta apeló a la Comisión Industrial, que concedió el pago de dietas siguiendo la recomendación de su Oficial Examinador. El Oficial Examinador basó su recomendación en el testimonio del médico asesor de la Comisión, quien, a base del examen del expediente consideró que la recurrida estaba incapacitada para trabajar durante el período reclamado.

■ La recurrida pretende defender su derecho al pago de dietas por el período reclamado a base de lo resuelto en

*Ríos Rivera* v. *Comisión Industrial,* 108 D.P.R. 808 (1979). La cita que hace del caso es incompleta y su interpretación es errónea. Según la recurrida, allí dijimos que el pago de dietas "puede deberse *a que la condición del empleado no le permita trabajar* o a que el tratamiento mismo impide que trabaje". (Escrito para mostrar causa, pág. 5.) Lo que resolvimos en *Ríos Rivera,* supra, págs. 814–815, es que el empleado tiene derecho a dietas si durante su tratamiento está incapacitado para trabajar. Esto es lo que se conoce como incapacidad transitoria, la cual puede deberse a que la condición del empleado no le permita trabajar o a que el tratamiento mismo impide que trabaje. Esta incapacidad transitoria cesa cuando el obrero es dado de alta, sea porque está curado o sea porque se reconoce una incapacidad permanente que no ha de mejorar con más tratamiento. *Rivera Rivera* v. *Comisión Industrial,* 101 D.P.R. 712, 717 (1973). Al fijársele una incapacidad permanente el obrero es acreedor a una "compensación adicional" computada a base del grado de incapacidad permanente. Art. 3(3) de la Ley de Compensaciones por Accidentes del Trabajo.

En *Ríos Rivera,* supra, pág. 815, dijimos que el pago de dietas y el pago por concepto de incapacidad permanente no pueden coexistir. Así, una vez el obrero termina su tratamiento se suspende el pago de dietas y comienza el pago de compensación adicional si se determina que tiene alguna incapacidad permanente.

En el caso ante nuestra consideración, a la recurrida Angélica Gámbaro Ramos se le fijó una incapacidad permanente de 55% el 17 de mayo de 1979. Luego de una recomendación del Comité de Factores Socio-Económicos, el 21 de marzo de 1980 se le concedió incapacidad total permanente que se hizo retroactiva al 18 de mayo de 1979.

La recurrida admite que cobró compensación por concepto de incapacidad total, pero defiende su derecho al

cobro de dietas a base de que la prohibición contra la coexistencia de pagos por concepto de dietas y de compensación adicional significa que no deben hacerse al mismo tiempo. Argumenta que como *ya cobró* por concepto de la incapacidad permanente tiene derecho *ahora* a que se le paguen las dietas. (Escrito para mostrar causa, págs. 7 y 8.) Es claro que esta interpretación de la recurrida no puede prevalecer. La prohibición contra la coexistencia de los pagos lo que significa es que el obrero no debe recibir doble compensación durante un mismo período de tiempo. La fecha en que se hagan los pagos es impertinente para propósitos de determinar la coexistencia de los mismos.

Por los fundamentos expresados *se expedirá el auto y se revocará la resolución de la Comisión Industrial objeto del presente recurso.*