LEOCADIO BADILLO GONZÁLEZ, lesionado recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador recurrente.

*Número:* O-81-322    *Resuelto:* 30 de abril de 1982

*Alma Osorio*, abogada del recurrente; *Milagros Muñiz Bou*, abogada del recurrido.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El señor Leocadio Badillo González, agente de la Policía de Puerto Rico, sufrió un accidente del trabajo luego de intervenir en el cumplimiento de su deber con un ciudadano, quien le disparó varias veces. El Fondo del Seguro del Estado le concedió una incapacidad de un 40% de sus funciones fisiológicas generales, la que elevó a condición de incapacidad total y permanente el 17 de noviembre de 1977.

Mientras se tramitaba su caso ante el Fondo y la Comisión Industrial se le otorgó el 15 de abril de 1976 una pensión por incapacidad al lesionado, conforme los términos de la Ley Núm. 127 de 27 de junio de 1958 (25 L.P.R.A. sec. 376 *et seq.*). La pensión recibida es un poco mayor que el sueldo regular de la plaza que el trabajador

ocupaba. Posteriormente el obrero reclamó el pago de dietas desde el 16 de marzo de 1976 hasta el 17 de noviembre de 1977. La Comisión Industrial ordenó tal pago. El Fondo alega en alzada que el lesionado no tiene derecho a dietas por recibir una pensión mayor al sueldo que devengaba como trabajador.

El Art. 3(2) de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3(2), dispone en parte:

> . . . Ningún empleado o funcionario público podrá recibir durante el período de incapacidad para el trabajo, con excepción del período que disfrute de la licencia regular por vacaciones o por enfermedad, cantidad alguna por concepto de compensaciones semanales que, sumado al sueldo que reciba de la agencia del gobierno para la que trabaje, exceda del sueldo regular de su plaza.

Esta disposición se incorporó al estatuto por la Ley Núm. 163 de 2 de mayo de 1950.

Del otro lado, la Asamblea Legislativa de Puerto Rico estructuró más tarde un plan especial de pensiones para los miembros de la Policía, el Cuerpo de Bomberos, la Guardia de Penales, la Guardia Nacional y los agentes de Rentas Internas. El Art. 9 de la ley aprobada al efecto, la Núm. 127 de 27 de junio de 1958 (25 L.P.R.A. sec. 384) ordena tersamente:

> Los pagos dispuestos por esta ley serán en adición a cualquier compensación que corresponda al amparo de la Ley de Compensaciones por Accidentes del Trabajo.

Ante instrucción tan clara el Fondo no arguye que los beneficiarios de las pensiones especiales que provee la Ley Núm. 127 pierden todo derecho a la protección que brinda la Ley de Compensaciones por Accidentes del Trabajo. Su planteamiento es que se pierde tan solo el derecho a dietas. Se intenta apoyar parcialmente esta posición en el argumento de que el término "compensación" no comprende, según los diccionarios, la acepción de "dietas".

■ La lógica del diccionario es de escasa ayuda, por lo general, para resolver esta suerte de problemas jurídicos. Deben explorarse más bien, al interpretar un estatuto, entre otros factores, los objetivos del legislador, las realidades sociales que motivaron el estatuto, el modo en que, en una sociedad cambiante, pueden cumplirse mejor los valores que la ley entraña. En *Rivera Rivera* v. *Comisión Industrial*, 101 D.P.R. 712, 716-717 (1973), incluimos las dietas como uno de los tres tipos de beneficios a que tiene derecho el obrero bajo la Ley de Compensaciones por Accidentes del Trabajo.

■ La Ley Núm. 127 de 27 de junio de 1958 expresa su razón de ser en su Exposición de Motivos:

> El Pueblo de Puerto Rico tiene cinco clases de servidores de la seguridad pública cuyas vidas se exponen con frecuencia a riesgo de incapacidad física o muerte mientras se dedican al ejercicio de sus respectivas funciones en bien de la comunidad: los miembros de la Policía. . . .

> En reconocimiento al riesgo que acompaña el desempeño de las funciones de los referidos servidores públicos, y como justa recompensa al celo, arrojo, lealtad y determinación que ellos despliegan en determinadas circunstancias, la Asamblea Legislativa entiende que es el deber del Gobierno de Puerto Rico conceder a estos servidores, en caso de incapacidad física o mental, o, en caso de muerte, a sus familiares una pensión o pago por defunción que les permita atender adecuadamente sus necesidades.

Para subrayar la naturaleza especial y supletoria de esta legislación la Asamblea Legislativa dispuso entonces, como hemos visto, que los pagos ordenados por el estatuto serían "en adición a cualquier compensación que corresponda al amparo de la Ley de Compensaciones por Accidentes del Trabajo".

■ El historial legislativo de la Ley Núm. 127 no revela intención alguna de excluir del término "compensación" parte de los beneficios derivables de la Ley de

Compensaciones por Accidentes del Trabajo. Por el contrario, la Ley Núm. 127 liberalizó sustancialmente la naturaleza de estas pensiones, que arrancan, en forma más limitada, de la Ley Núm. 155 de 9 de mayo de 1938 y de la Ley Núm. 189 de 2 de mayo de 1951. 10 *Diario de Sesiones* 1264 (1958). La decisión de acumular los pagos obtenibles bajo esta legislación especial a los derivables bajo la Ley de Compensaciones por Accidentes del Trabajo se remonta al Art. 8 de la Ley Núm. 189 de 2 de mayo de 1951.

La realidad que inspira tal determinación es claramente perceptible. El seguro estatal para accidentes del trabajo representa tan solo un sustituto o en ocasiones un suplemento de la acción torticera. Véanse: *United States* v. *Demko*, 385 U.S. 149 (1966); Comment, *Can Workers' Compensation Payments Offset Retirement Pension Benefits?*, 17 Calif. Western L. Rev. 493, 495 (1981). La intención legislativa evidente desde 1951 ha sido la de proveer beneficios adicionales a los cinco grupos de servidores públicos que enumera, como compensación por el riesgo mayor a sus vidas que entrañan sus labores. En 1958 y en 1968 la Asamblea Legislativa tuvo la oportunidad de alterar tal esquema. No lo hizo. No es función de este foro variar esa determinación. Véanse: Ley Núm. 127 de 27 junio de 1958 y Ley Núm. 103 de 21 de junio de 1968.

La norma en Estados Unidos, de donde deriva nuestra Ley de Compensaciones por Accidentes del Trabajo, es permitir la acumulación de beneficios en ausencia de estatuto en contrario. Larson's *Workmen's Compensation Law*, Vol. 4, sec. 97.10, págs. 18–38 y 18–39. En *Werner* v. *Olmstead County*, 290 N.W.2d 444 (1980), murió un policía en el desempeño de su deber. Entre otros beneficios, sus herederos recibieron pagos de un fondo para policías y bomberos. La legislación de Minnesota prohibía la compensación por accidentes del trabajo si se derivaban otros beneficios que excediesen el sueldo del obrero. El Tribunal

determinó que procedía la acumulación de beneficios por entender que la intención legislativa era que tal prohibición no alcanzaba los referidos pagos especiales. Al mismo efecto: *City Council of Augusta* v. *Young,* 127 S.E.2d 904 (1962); *Teddy* v. *Michigan Department of State Police,* 301 N.W.2d 876 (1981); *Grogan* v. *City of New Britain,* 397 A.2d 97 (1978).

El Fondo del Seguro del Estado alega, por último, que "Tal situación [la de permitir la acumulación de beneficios en las circunstancias de este caso], además de afectar negativamente la fibra moral de nuestro pueblo, sería económicamente insostenible y a muy corto tiempo los recursos agregados del estado y/o [*sic*] de los sistemas de retiro quedarían desvalijados". El recurrente se equivoca de foro. Este Tribunal es guardián de la ley. No puede alterar la ley o contrariar la justicia en nombre de la salud financiera del Fondo.

*Se confirmarán las resoluciones recurridas.*