JUAN A. RIVERA GONZÁLEZ, lesionado, POLICÍA DE PUERTO RICO, patrono, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada recurrida; FONDO DEL SEGURO DEL ESTADO, asegurador-recurrente.

*Número:* O-79-429          *Resuelto:* 4 de mayo de 1982

*Calixto Juval Rivera Colón,* abogado del recurrente; *Osvaldino Rojas Lugo,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El Fondo del Seguro del Estado recurre de resolución de la Comisión Industrial de 20 de julio de 1979 que revocó decisión del Administrador y ordenó el pago de dietas a favor del Sr. Juan A. Rivera González por el período comprendido entre el 19 de octubre de 1976 y el 2 de enero de 1979. Sus planteamientos ante nos pueden resumirse en dos, a saber: (1) falta de jurisdicción de la Comisión por no haberse planteado ante el Fondo en primera instancia la reclamación de dietas por el período concedido, y (2) improcedencia de las dietas por el hecho de que el señor Rivera González está recibiendo pensión bajo las disposi-

ciones de la Ley Núm. 127 de 27 de junio de 1958 (25 L.P.R.A. secs. 376 a 387). Ninguno fue cometido.

El planteamiento jurisdiccional se ampara en los siguientes hechos. El aquí recurrido se lesionó en el año 1970 mientras se desempeñaba como miembro de la Policía de Puerto Rico. Por decisión del Administrador del Fondo del Seguro del Estado de 29 de septiembre de 1972 se reconoció al recurrido una incapacidad permanente de cincuenta por ciento de sus funciones fisiológicas generales, con derecho a la compensación que al efecto dispone la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 a 42. Para abril de 1976 el recurrido solicitó tratamiento por recidiva, que le fue aceptada el 19 de octubre de 1976, disponiéndose tratamiento en descanso a partir de esa fecha. Fue dado de alta finalmente el 2 de enero de 1979, confirmándose la incapacidad reconocida en 1972.

Mientras tanto, por haberse lesionado el recurrido bajo circunstancias cubiertas por la citada Ley Núm. 127 de 1958, desde el 15 de noviembre de 1973 éste se había acogido a los beneficios de dicha ley, con derecho a una pensión por incapacidad "igual al tipo de retribución que estuviere recibiendo a la fecha de separación" de la Policía de Puerto Rico. Véase el Art. 3 de dicha ley, 25 L.P.R.A. sec. 378.

Desde antes del alta de enero de 1979 el recurrido había reclamado dietas al Fondo. Aunque ni en el expediente del Fondo ni en el de la Comisión existe constancia de la fecha de dicha reclamación, ambos expedientes revelan que la reclamación de dietas estaba en disputa en el año 1978. Hay una "Decisión del Administrador" de 30 de junio de 1978, que en lo aquí pertinente dice:

Solicita pago de dietas *por período intermedio* ya que alegadamente estaba *inhabilitado* para el trabajo. El reclamante difruta de pensión total bajo la Ley 127 de 1958 desde el 15 de noviembre de 1973.

Examinados los hechos y vistos [*sic*] las disposiciones legales aplicables se determina que el reclamante no tiene derecho a las dietas reclamadas. (Énfasis suplido.)

De esa decisión se apeló a la Comisión el 28 de julio de 1978 en escrito titulado "Apelación & Pago de Dietas Intermedias". Y hay una "Notificación de Vista Médica" de fecha 2 de noviembre de 1978, citada para el 6 de diciembre de 1978, que en el epígrafe se refiere a "DIETA-Período-Intermedio" (*sic*). Todos los trámites ante la Comisión hasta la resolución objeto del presente recurso se refieren a la apelación interpuesta el 28 de julio de 1978 sobre la decisión que denegó el pago de dietas por el "período intermedio".

Como puede verse, en los mencionados documentos se hace referencia al "período intermedio" y a "dietas intermedias" como el período cubierto por la reclamación. No se especifica a qué fechas se refiere ese llamado período intermedio. La prueba desfilada ante el oficial examinador de la Comisión Industrial no suplió esa deficiencia. Por estos motivos recomendó el oficial examinador que se desestimara la apelación y así se hizo por resolución de 2 de marzo de 1979.

Inconforme con la resolución desestimatoria, el aquí recurrido solicitó reconsideración, y alegó que con posterioridad a la vista ante el oficial examinador descubrió prueba demostrativa de que "desde el 19 de octubre de 1976 fue puesto en descanso por los médicos del Fondo del Seguro del Estado siendo dado de alta el 2 de enero de 1979". Solicitó que se ordenara el pago de dietas por el período comprendido entre esas fechas. De esta manera, fue en esa etapa cuando por primera vez se precisó el período de dietas reclamadas. La Comisión exigió las pruebas y el recurrido produjo las decisiones del Fondo de 19 de octubre de 1976 en que aceptó recidiva en descanso y la de 2 de enero de 1979 en que dispuso el alta del recurrido y confirmación de la incapacidad previamente

reconocida. Fue a base de ello que la Comisión reconsideró su dictamen desestimatorio de la apelación y emitió la resolución que es objeto del recurso ante nuestra consideración.

■ Convenimos con el Administrador del Fondo del Seguro del Estado que la jurisdicción primaria para conocer de toda reclamación de dietas le corresponde a él y no a la Comisión Industrial. Ello es así porque la Comisión Industrial es esencialmente un organismo apelativo, no importa que dentro del procedimiento apelativo se ofrezca audiencia a las partes y se reciba prueba sobre la contención de cada una. Así se desprende del Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11, que regula todo lo concerniente al procedimiento de apelación, vistas médicas, vistas ante un Comisionado o ante un oficial examinador, y los poderes y facultades de éstos.[1] Véanse *Rivera Rivera* v. *Comisión Industrial*, 103 D.P.R. 51, 57–58 (1974); *Cordero, Admor.* v. *Comisión Industrial*, 61 D.P.R. 466 (1943); y Santos P. Amadeo, *Revisión Judicial de la Comisión Industrial*, Rev. Jur. U.P.R. Vol. XV, Núm. 3 (1946). Cuando el Legislador quiso conceder jurisdicción en primera instancia a la Comisión, lo hizo expresamente y por excepción, bajo requisitos específicos. Así, dispuso lo siguiente en el primer párrafo del Art. 7 de la Ley, 11 L.P.R.A. sec. 9:

> En el caso de que el Administrador del Fondo del Estado demorare por más de un mes, sin causa justificada, la decisión de un caso completo sometido a su consideración, el obrero o el patrono que sean partes necesarias en dicho caso, o cualquier parte interesada podrá recurrir en queja ante la Comisión Industrial y obtener una orden de dicha Comisión compeliendo al Administrador para que decida el caso; y si fuere necesario, la Comisión podrá también ordenar al Administrador que remita el expediente del caso a dicha Comisión con el objeto de asumir jurisdicción sobre el mismo

---

[1] Por ser bastante extenso omitimos transcribir el citado artículo.

y decidirlo; pero, antes de asumir jurisdicción en un caso y decidirlo, la Comisión dará al Administrador una oportunidad razonable para cerrar y decidir dicho caso.

No obstante, la limitación de la jurisdicción apelativa de la Comisión Industrial no puede operar como camisa de fuerza en un sistema que persigue que se haga justicia rápida y económica, no aprisionada por moldes técnicos. La reserva de autoridad que la Ley hace a favor del Fondo del Seguro del Estado para entender en un asunto en primera instancia no impide que la Comisión, al resolver un caso apelado ante ella, examine en su totalidad sus aspectos y dicte cualquier resolución que proceda y que debió dictar el Administrador y no lo hizo. Véase *Rodríguez v. Comisión Industrial*, 58 D.P.R. 111, 115 (1941).

En *Cordero, Admor.* v. *Comisión Industrial*, 62 D.P.R. 143, 147 (1943), reconocimos la facultad de la Comisión para, en evitación de demoras innecesarias y perjudiciales al obrero, "abrir el caso de nuevo para ampliar la prueba y esclarecer cualesquiera hechos sobre los cuales pueda tener alguna duda, con el fin de hacer cumplida justicia entre las partes". Esa decisión de hace casi cuarenta años es tan de actualidad ahora como entonces. El Administrador del Fondo tuvo oportunidad de rebatir ante la Comisión la prueba ofrecida por el recurrido como parte de su moción de reconsideración para establecer con precisión el período intermedio. Atendidas las circunstancias que pasamos a exponer, no abusó de su discreción la Comisión al actuar como lo hizo.

Como señaláramos, la decisión del Administrador sobre la reclamación de dietas se hizo en julio de 1978, antes de su decisión de 2 de enero de 1979 en que se dio de alta al recurrido. Al denegar dicha reclamación se refirió a ella como "dietas por período intermedio". ¿Qué podía significar ese término? Obviamente no podía referirse al período comprendido entre la fecha en que el recurrido se lesionó en 1970 hasta el 29 de septiembre de 1972, fecha de la

decisión que le reconoció un cincuenta por ciento de incapacidad. A ese primer período no podría llamársele período intermedio; y reclamar dietas por ese período seis años después de la decisión no sería lógico.

■ De primera impresión parecería que el llamado período intermedio se refería al período transcurrido entre la decisión de 29 de septiembre de 1972 y la de 19 de octubre de 1976, fecha en que se aceptó la recidiva. Esta es la interpretación que el Administrador hace, pero es obvio que no podían reclamarse dietas por este segundo período, pues el 29 de septiembre de 1972 se reconoció la incapacidad permanente que aqueja al recurrido y se adjudicó la compensación a que tenía derecho, sin que recibiera más tratamiento ni tratamiento alguno por el Fondo entre esas dos fechas del 1972 al 1976. El derecho a dietas existe si se está bajo tratamiento, sin trabajar, en el período de recuperación que sigue a un accidente, durante el tratamiento por recidiva, y durante el tratamiento por agravación de una incapacidad preexistente. *Ríos Rivera* v. *Comisión Industrial*, 108 D.P.R. 808, 814 (1979).

El único período por el cual era procedente el pago de dietas bajo los hechos de este caso era el período de tratamiento en recidiva, que comenzó el 19 de octubre de 1976. Véase *Ríos Rivera*, pág. supra, 814. Durante ese período el recurrido estaba bajo tratamiento en descanso por así haberlo dispuesto el Administrador. No era de extrañarse que solicitara el pago de dietas, habiendo transcurrido más de un año durante el cual estuvo bajo tratamiento, y a cuyas dietas tenía derecho según la Ley y este caso de *Ríos Rivera*. Al hacer su solicitud, el recurrido no podía fijar la duración de ese término denominado intermedio, porque no había sido dado de alta. Estaba aún bajo tratamiento.

el Administrador no cuestionó en su decisión de 30 de junio de 1978, cuando denegó la reclamación por dietas, el período por el cual se reclamaban. La razón de su

denegatoria fue que durante ese período "[e]l reclamante disfruta de pensión total bajo la Ley 127 de 1958 desde el 15 de noviembre de 1973". La contención del Administrador fue, y en ello se centró prácticamente la controversia, que no había derecho a dietas si al mismo tiempo el reclamante estaba devengando la totalidad del sueldo que percibía a la fecha del accidente. El planteamiento se reproduce en el recurso ante nos, y de él dispondremos más adelante.

Estamos de acuerdo en que la carga de la prueba ante la Comisión para establecer el período por el cual hay derecho a dietas corresponde a quien las reclama. El aquí recurrido estaba representado por abogado que debía saber que tenía tal obligación y no la descargó en la vista ante el oficial examinador. (²) Pero, como señaló la Comisión en su resolución aquí recurrida, las dos fechas limitativas del período por el cual había derecho a dietas aparecían del expediente del Fondo. Eran de conocimiento del Administrador, quien expidió las decisiones de ambas fechas. Ni ante la Comisión Industrial ni ante nos ha demostrado el Administrador que, aparte del argumento de la pensión bajo la Ley Núm. 127, no tuviera el recurrido derecho a dietas durante el período de tratamiento por recidiva. Su posición descansa en el tecnicismo de falta de autoridad de la Comisión para reconsiderar su primera resolución a base de la prueba ofrecida por moción de

---

(²) Debemos consignar, de pasada, nuestra reprobación de la conducta del abogado del reclamante, en el trámite del caso ante la Comisión y ante este Tribunal. Pudo ser más diligente y precisar ante el oficial examinador el período por el cual reclamó dietas para su cliente, sin tener que esperar a que recayera resolución desestimatoria de la apelación para entonces ofrecer prueba de las fechas cubiertas por dicho período. En el recurso ante nos, no empece el extenso y bien elaborado alegato del Administrador presentado una vez expedimos el auto de revisión por él solicitado, se cruzó de brazos y no replicó al mismo, teniendo este Tribunal que darlo por sometido sin el beneficio de sus argumentos. No cumple eficazmente su responsabilidad para con su cliente el abogado que poca o ninguna diligencia hace ante este Tribunal en defensa de una decisión que le es favorable y que está bajo ataque ante nos.

reconsideración. No podemos aceptar que así sea. Estaríamos negando un reclamo a todas luces justo a base de un tecnicismo que no es insuperable. No puede ser.

■ En cuanto al segundo planteamiento, basta referirnos a nuestra decisión de hace cuatro días en *Badillo González v. F.S.E.*, 112 D.P.R. 665 (1982). Se nos planteó, como aquí, que no puede haber derecho a dietas a favor de un reclamante que disfruta de una pensión bajo la Ley Núm. 127 de 27 de junio de 1958. El mandato legislativo contenido en el Art. 9 de dicha ley, 25 L.P.R.A. sec. 384, es claro. No admite otra interpretación que la que surge de su lectura. Dice, en su primer párrafo:

> Los pagos dispuestos por las secs. 376 a 387 de este título serán en adición a cualquier compensación que corresponda al amparo de la Ley de Compensaciones por Accidentes del Trabajo, secs. 1 *et seq.* del Título 11.

La razón de así ser la hallamos en la exposición de motivos de dicha ley y en su historial. Véase nuestra citada decisión de *Badillo González.* Nada más hay que añadir.

Por las razones expuestas, *se confirmará la resolución recurrida.*