Luz A. Ponce Jusino, lesionada y recurrida, *v.* Fondo del Seguro del Estado, asegurador y recurrente.

*Número:* O-82-691    *Resuelto:* 18 de febrero de 1983

*Antonio Allende Calderón,* abogado del recurrente Fondo del Seguro del Estado; *Paul Ramos Morales,* de *Manuel De Jesús Mangual & Asociados,* abogado de la lesionada.

El Juez Asociado Señor Irizarry Yunqué emitió la opinión del Tribunal.

El Fondo del Seguro del Estado instó recurso de revisión ante nos en que solicita dejemos sin efecto la resolución de la Comisión Industrial del 20 de julio de 1982, reconside-

1

ración denegada el 30 de septiembre de 1982, en relación con el pago de dietas a la recurrida Luz Ponce Jusino. Nos impresionó la alegación del Fondo de que no se le dio oportunidad, bajo el Art. 7 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 9, para cerrar y decidir el caso, el cual estaba pendiente de que se completara una investigación sobre si la recurrida estaba trabajando durante el período por el que reclamó dietas. En consecuencia, el 18 de noviembre de 1982 expedimos la siguiente resolución:

> Atendido el recurso de revisión presentado por el Fondo del Seguro del Estado en el que plantea que la Comisión Industrial concedió el pago de dietas a la recurrida sin haberle dado al Fondo la oportunidad de tomar una decisión en primera instancia, y tomando en consideración la alegación del Fondo de que está investigando con el Seguro Social federal y la oficina principal del patrono de la recurrida en Estados Unidos la posibilidad de que ella hubiera estado trabajando en períodos en que estuvo cobrando dietas, tenga la recurrida un término a vencer el 29 de noviembre de 1982 para mostrar causa por la cual no deba revocarse la resolución de la Comisión Industrial de 20 de julio de 1982 y ordenar que se devuelva el caso al Fondo para que éste complete la investigación iniciada y resuelva como proceda en derecho.

Posteriormente concedimos prórroga a la recurrida para comparecer, lo que ha hecho mediante un bien fundamentado escrito que nos convence de que debemos confirmar la resolución de la Comisión Industrial.

El citado Art. 7 (11 L.P.R.A. sec. 9), dispone en su primer párrafo, en lo aquí pertinente, lo siguiente:

> En el caso de que el Administrador del Fondo del Estado demorare por más de un mes, sin causa justificada, la decisión de un caso completo sometido a su consideración, el obrero o el patrono que sean partes necesarias en dicho caso, o cualquier parte interesada podrá recurrir en queja ante la Comisión Industrial y obtener una orden de dicha Comisión compeliendo al Administrador para que decida el caso; y si fuere necesario, la Comisión podrá también ordenar al

Administrador que remita el expediente del caso a dicha Comisión con el objeto de asumir jurisdicción sobre el mismo y decidirlo; pero, antes de asumir jurisdicción en un caso y decidirlo, la Comisión dará al Administrador una oportunidad razonable para cerrar y decidir dicho caso.

Los autos demuestran que la Comisión dio oportunidad razonable al Fondo para que completara su investigación y emitiera su decisión, y sin embargo el Fondo la desatendió. Veamos. La solicitud para el pago de dietas se formuló por escrito ante el Administrador del Fondo el 23 de febrero de 1981. Transcurrieron más de dos meses —el Art. 7 concede treinta días— y el Fondo no respondió. Así, el 28 de abril la lesionada recurrió a la Comisión e invocó su jurisdicción original. Por resolución del 8 de junio de 1981 la Comisión concedió treinta días al Fondo para decidir y cerrar el caso. No lo hizo. Se celebró una vista ante un oficial examinador de la Comisión el 12 de febrero de 1982, en que el Fondo solicitó un término adicional. Por resolución del 2 de marzo de 1982 la Comisión le concedió "un término improrrogable de treinta (30) días". Transcurrió dicho plazo sin que el Fondo decidiera. Así las cosas, el 9 de junio la recurrida solicitó vista pública. Ésta se celebró el 23 de junio, y el 20 de julio de 1982 la Comisión emitió resolución en que ordenó el pago de dietas a la recurrida por el período comprendido entre el 28 de mayo de 1980 y el 28 de febrero de 1981.

Valga señalar que en la citada vista quedó plenamente comprobado que la recurrida no trabajó durante el período por el cual se le conceden dietas y que tanto el perito del Fondo como el de la Comisión estuvieron de acuerdo en que el pago de dietas es procedente. El período de recuperación de la recurrida no había terminado al ser dada de alta por el Fondo y en la vista médica que había celebrado la Comisión se había dispuesto que continuara dicho tratamiento. Véase, *Rivera Rivera* v. *Comisión Industrial*, 101 D.P.R. 712 (1973). Aunque el Fondo determinó la existencia de una incapacidad permanente, al darla de alta,

la compensación a que tenía derecho quedó en suspenso al recurrir la lesionada a la Comisión. No se daba el caso de coexistencia de dos pagos, a saber, compensación por incapacidad transitoria (dietas) y compensación por la incapacidad permanente. Véase, *Gámbaro Ramos* v. *F.S.E.*, 112 D.P.R. 304 (1982).

No podemos estar conformes y tenemos que reprobar que el Fondo permitiera que transcurriera más de un año sin que se resolviera el reclamo de dietas de esta empleada. Las dietas, hemos dicho, sustituyen en parte el salario que el obrero no puede devengar mientras se encuentra temporeramente incapacitado para trabajar. Por ello, el Art. 7 de la ley sabiamente dispone un término corto para que el Fondo resuelva, y concede jurisdicción original a la Comisión para decidir sobre el reclamo del obrero, cuando entiende que no hay causa justificada para la demora. No podemos aceptar que el trámite para obtener información de una agencia federal —la Administración del Seguro Social, en este caso— se tenga que tomar más de un mes. De hecho, a estas alturas, todavía el Fondo no ha obtenido dicha información y en su recurso ante nos insiste en que se le conceda prórroga adicional. Desvirtuaríamos el propósito de la ley y pasaríamos por alto nuestro deber de hacer justicia si accediéramos a dicha petición.

Vienen al punto, y conviene que se recuerden, las siguientes expresiones hechas por este Tribunal en *Montaner, Admor.* v. *Comisión Industrial,* 54 D.P.R. 797, 803 (1939):

> Teniendo en cuenta los hechos anteriormente expuestos, las razones que tuvo la Comisión para asumir jurisdicción (supra) y que el espíritu y propósito de esta sabia y humana legislación es proveer un procedimiento rápido, eficaz y libre de tecnicismos injustificados, para que las personas que dependían de un obrero muerto en el curso de su trabajo puedan recibir cuanto antes sea posible el auxilio pecuniario que la ley les concede, tenemos que llegar a la conclusión de que la Comisión Industrial procedió correctamente. El Administra-

dor del Fondo tuvo amplia y razonable oportunidad para conocer del caso. Si sostuviéramos lo contrario, como pretende el recurrente, nada ganaría con ello el Fondo del Estado; y los beneficiarios se verían obligados a continuar esperando la compensación a que tienen derecho y que necesitan para su subsistencia, después de haberla esperado, por causas de las que ellos no son responsables, por cerca de tres años.

En mérito de lo expuesto, *se dejará sin efecto nuestra resolución del 18 de noviembre de 1982, se expedirá el auto, y se dictará sentencia en que se confirme en todas sus partes la resolución recurrida.*