222

Alejandro Rodríguez, recurrente, *v.* Comisión Industrial de Puerto Rico, demandada, y Rafael de J. Cordero, Administrador del Fondo del Estado, recurrido.

Núm. 254.—*Sometido:* Noviembre 23, 1942. *Resuelto:* Diciembre 23, 1942.

*Virgilio Brunet* y *José L. Novas,* abogados del recurrente; *G. Atiles Moréu, A. de Jesús Matos,* y *J. Correa Suárez,* abogados del Administrador del Fondo del Estado, recurrido.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El Administrador del Fondo del Seguro del Estado solicita la desestimación del recurso de revisión radicado por el obrero lesionado contra la resolución dictada por la Comisión Industrial en 21 de agosto de 1942, alegando como fundamento que el recurrente no ha cumplido con el requisito previo de solicitar de la Comisión Industrial la reconsideración de la resolución recurrida.

El recurrente sufrió un accidente mientras corría como *jockey* en uno de los hipódromos de San Juan. En septiembre de 1936 la Comisión Industrial declaró que el accidente era compensable. En abril 5 de 1937 el obrero fué dado de alta como curado y sin incapacidad; y no estando conforme con la decisión del Administrador del Fondo, recurrió a la Comisión para que ésta le fijara el grado de incapacidad. En julio 9 de 1937 la Comisión dictó resolución al efecto de que

el recurrente había quedado con una incapacidad parcial permanente consistente en la pérdida de un 40 por ciento de su poder adquisitivo.

En enero 28, 1942 el lesionado acudió de nuevo ante la Comisión en solicitud de una resolución al efecto de que la incapacidad de que sufre el obrero peticionario es total y permanente. En marzo 17 de 1942 se celebró ante la Comisión una vista pública en la que fueron oídos el recurrente y el Administrador; y en julio 8 del mismo año, la Comisión dictó una resolución ordenando que el lesionado fuese examinado de nuevo por el asesor médico de la Comisión y por los médicos del Fondo del Estado. En agosto 21 de 1942, la Comisión, a petición del Administrador del Fondo, dictó una resolución reconsiderando y dejando sin efecto la dictada en julio 8 y desestimando la petición sobre reapertura del caso radicada por el obrero en enero 28 de 1942.

En la solicitud de revisión radicada ante esta Corte Suprema se nos pide que revisemos y revoquemos la mencionada resolución de agosto 21 de 1942 y que ordenemos a la Comisión que proceda a celebrar la vista ordenada por su resolución de julio 8 de 1942. Es un hecho admitido que el recurrente no solicitó en momento alguno la reconsideración de la resolución recurrida.

■■ En el primer recurso de revisión establecido contra una resolución de la Comisión Industrial, esta Corte Suprema, interpretando el artículo 11 de la Ley de Compensaciones por Accidentes del Trabajo (Ley núm. 45 de 1935, ((1) pág. 251), resolvió que la Legislatura no sólo varió el procedimiento en cuanto a la corte ante la cual debía interponerse el recurso, "si que también en cuanto al alcance de éste, fijando además como condición previa para interponerlo la de pedir a la propia Comisión la reconsideración de su orden o decisión, dándole así una nueva oportunidad de examinar el caso antes de pasar a la jurisdicción de esta corte." *Amenguar* v. *Comisión Industrial,* 49 D.P.R. 10.

Véanse: *Caraballo* v. *Comisión Industrial,* 51 D.P.R. 161 y *González* v. *Comisión Industrial,* (*per curiam*) 53 D.P.R. 958.

Arguye el recurrente que él no estaba obligado a pedir a la Comisión la reconsideración de la resolución de 21 de agosto de 1942, porque dicha resolución fué dictada a petición del Administrador del Fondo, en substitución de la resolución dictada en 8 de julio de 1942 por la cual se ordenó que el lesionado fuese examinado de nuevo para fijar el grado de su incapacidad; y que habiendo solicitado y obtenido el Administrador la reconsideración de la resolución de julio 8 de 1942, no era requisito indispensable que el recurrente solicitase una nueva reconsideración.

La argumentación del recurrente es tan hábil como infundada. La resolución de julio 8 de 1942 era de carácter interlocutorio y favorable al obrero reclamante, porque en ella se resolvió dar a éste una oportunidad para probar sus alegaciones y se ordenó su examen físico. La resolución no ponía fin a la controversia entre las partes.

Al declarar con lugar la reconsideración solicitada por el Administrador del Fondo, la Comisión no se limitó a reconsiderar y dejar sin efecto su resolución de julio 8 de 1942. Fué más lejos aún. Desestimó la petición sobre reapertura del caso, y al hacerlo así puso fin a la controversia entre el Administrador y el obrero en cuanto a si éste tenía o no derecho a que se investigase de nuevo su grado de incapacidad.

La primera decisión adversa a las pretensiones del recurrente y la única contra la cual éste podía recurrir para ante esta Corte Suprema, fué la resolución de agosto 21 de 1942. El recurrente radicó su petición de revisión sin haber cumplido con el requisito legal de pedir a la Comisión la reconsideración de dicha resolución. Y *no habiéndolo hecho así, esta corte carece de jurisdicción para conocer del recurso, el cual debe ser desestimado.*