ALEJANDRO RODRÍGUEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y GUILLERMO ATILES MOREU, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrido. MARCOLINA GUADALUPE VDA. DE TORRES, recurrente, *v.* LOS MISMOS.

Núms. 282 y 284.—*Sometidos:* Noviembre 29, 1943.
*Resueltos:* Enero 31, 1944.

*Virgilio Brunet,* abogado del recurrente; *Angel de Jesús Matos, Joaquina Pérez Cordero y Joaquín Correa Suárez,* abogados del Amministrador del Fondo del Estado, recurridos.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Estos dos recursos fueron vistos conjuntamente y en la misma forma los resolveremos. Envuelven una sola cuestión, a saber, si la Comisión Industrial tiene jurisdicción continua para reabrir un caso, en cualquier momento, con el fin de aumentar la incapacidad originalmente reconocida a un obrero lesionado.

Los hechos en cada uno de estos casos son los siguientes:
*Recurso núm. 282:* El 6 de julio de 1936, Alejandro Rodríguez, *jockey,* se cayó de una yegua que montaba en uno de

nuestros hipódromos, recibió varias lesiones y fué recluído en la Clínica Díaz García. Un año después, el 9 de julio de 1937, la Comisión Industrial reconoció que el obrero sufría de una incapacidad parcial permanente de un 40 por ciento en su poder adquisitivo total. Cuatro años y medio después, o sea, el 28 de enero de 1942, el obrero solicitó de la Comisión Industrial la reapertura de su caso alegando que su incapacidad había aumentado en tal forma que debía considerarse total y permanentemente. El 9 de junio del mismo año la Comisión accedió a reabrir el caso pero luego, a instancia del Administrador del Fondo del Seguro del Estado, el 21 de agosto de 1942 reconsideró su resolución y desestimó la petición. Esta corte confirmó la decisión por el fundamento de no haberse solicitado la reconsideración ante la Comisión— *Rodríguez* v. *Comisión Industrial,* 61 D.P.R. 222. Compareció entonces el obrero ante el Administrador del Fondo y al denegarle éste su petición recurrió ante la Comisión y ésta por resolución de 11 de agosto de 1943 basada en su anterior resolución de 21 de agosto de 1942, denegó nuevamente la solicitud del obrero. Solicitada reconsideración fué denegada.

*Recurso núm. 284:* El 20 de septiembre de 1939, el obrero Antonio Juan Torres se lesionó mientras trabajaba para el patrono Bull Insular Line, Inc. Ocho días más tarde el Fondo del Estado denegó su reclamación sobre compensación. El 29 de noviembre de 1940 la Comisión Industrial declaró que el caso era compensable, y el 30 de abril de 1941 dicha comisión le reconoció al obrero una incapacidad de 33⅓ por ciento causada por tuberculosis pulmonar. El 14 de octubre de 1942 el obrero solicitó del Fondo del Estado la reapertura de su caso basándose en que su incapacidad había aumentado. El Fondo se negó a reabrir el caso, y el obrero apeló para ante la Comisión Industrial. Ésta señaló una vista para el día 8 de febrero de 1943. El abogado del obrero radicó una moción el día de la vista solicitando que por haber muerto el obrero el día 23 de enero de 1943, se considerara a la viuda

e hijo de aquél como subrogados en sus derechos. El 12 de agosto de 1943 la Comisión desestimó la apelación interpuesta por los beneficiarios del obrero muerto por los mismos fundamentos del caso de *Rodríguez,* supra.

La Comisión Industrial resolvió que la Ley sobre Compensaciones por Accidentes del Trabajo (Ley núm. 45 de 1935, (1) pág. 251) no le autoriza expresamente para ordenar el examen, hospitalización y tratamiento médico de un obrero después que éste ha sido dado de alta y tampoco para reabrir el caso y aumentar la incapacidad al obrero aun cuando haya empeorado. Expresamente dijo la Comisión que optaba por dejar en vigor su resolución anterior en este caso al mismo efecto pues prefería "que el asunto fuese resuelto definitivamente por nuestro más alto tribunal."

■■ Sostienen los recurrentes que de acuerdo con el artículo 6 de la ley la Comisión Industrial ejerce funciones cuasitutelares en relación con los obreros lesionados y que, por lo tanto, aun cuando la ley no contenga disposición alguna autorizando a la Comisión a reabrir un caso después que el obrero ha sido dado de alta, en el ejercicio de dichas funciones cuasitutelares es su deber continuar "protegiendo, cuidando y defendiendo a los obreros" cuando se demuestra que éstos han empeorado en sus condiciones físicas, como consecuencia del accidente, y aumentarle su compensación. En el caso núm. 284 se sostiene que los beneficiarios del obrero deben considerarse subrogados en los derechos del obrero fallecido.

En lo pertinente, el párrafo 15 del artículo 6 de la ley dispone que:

"La Comisión Industrial tendrá exclusivamente funciones de naturaleza cuasijudicial y cuasitutelar para la investigación y resolución de todos los casos de accidentes en los cuales el Administrador y el obrero o empleado lesionado, o sus beneficiarios, no llegasen a un acuerdo con respecto a la compensación según se dispone en el artículo 9 de esta Ley, y en el ejercicio de sus funciones representará solamente el interés público. . . ."

En relación con esta disposición citan también los recurrentes el último párrafo del artículo 5 de la ley que dispone que:

"En los casos de incapacidad parcial permanente y total permanente, el obrero o empleado, a instancias del Administrador, está obligado a comparecer ante la Comisión Industrial para someterse a examen a fin de determinar si ha cesado su incapacidad durante el período que recibe su compensación, la que se suspenderá tan pronto cese tal incapacidad."

Concluyen entonces los recurrentes sosteniendo que si la Comisión Industrial puede reabrir el caso de un obrero para determinar si ha cesado su incapacidad y ordenar que se suspenda la compensación que recibe si su incapacidad ha cesado, también debe tener autoridad la Comisión para aumentar dicha incapacidad cuando así lo demuestre el obrero.

En cuanto a este razonamiento creemos que los recurrentes tiene razón, pero somos de opinión que ésta no es la situación en los casos de autos. La facultad concedida a la Comisión por el artículo 6, supra, está limitada a determinar si ha cesado la incapacidad del obrero "durante el período que recibe su compensación." Durante ese mismo período creemos que la Comisión también puede determinar si la incapacidad del obrero ha aumentado. Sería injusto que así no se hiciera en un caso apropiado aun cuando la ley expresamente no lo disponga.

En los casos que resolvemos ya había expirado el período durante el cual el obrero recibía compensación y no fué hasta cuatro años y medio y año y medio, respectivamente, después de haber sido dados de alta que los obreros acudieron de nuevo a la Comisión.

Los recurrentes arguyen que "la jurisprudencia es uniforme en todos los Estados de la Unión Americana en cuanto al derecho que tiene un obrero a que se le aumente la compensación cuando se prueba que las condiciones han variado." Esto es cierto, pero se debe al hecho de que los estatutos de dichos estados expresamente fijan un término o las condicio-

nes bajo las cuales la Comisión puede reabrir el caso y reajustarse la compensación. El derecho reconocido no es absoluto, sino limitado y condicional. Citaremos algunos ejemplos[1]: En Georgia se fija un límite de 2 años (Sec. 45 de la ley); en New York, 7 años desde que ocurrió el accidente y 3 años desde el último pago de la compensación (Sec. 25ª.); en California, 245 semanas (Sec. 5410); en Ohio, 10 años (Sec. 1465-86).

Para una discusión amplia sobre esta cuestión de reapertura de casos véase Dodd "Administration of Workmen's Compensation", págs. 196-213.

La Ley sobre Compensación por Accidentes del Trabajo de Puerto Rico no contiene disposición expresa alguna, con excepción de la ya citada del artículo 12, supra, autorizando a la Comisión Industrial a reabrir un caso después de fallado definitivamente. Esto podría interpretarse como indicativo de que fué la intención de la Legislatura conceder a la Comisión jurisdicción continua e indeterminada pero aun en este caso tendría que admitirse que correspondería a la Comisión hacerlo en el ejercicio de su sana discreción en cada caso específico. Considerando la cuestión bajo este aspecto ¿podría sostenerse que la Comisión abusó de su discreción en este caso? Creemos que no, por las razones que dicho organismo hizo constar en su resolución, a saber:

"No se nos escapa, que si abrimos la puerta y permitimos la reapertura de casos ya adjudicados, no existiendo disposición expresa alguna que lo autorice, y mucho menos término prescriptivo, ningún litigio tendría fin, y estaría sujeto a ser reconsiderado en cualquier momento; aparte de que el Administrador no tiene control alguno sobre las actuaciones futuras del empleado, en muchos casos sería difícil determinar si la agravación de una lesión se debe a causas ajenas al accidente que dió motivo a la reclamación original, ya que pueden surgir causas interventoras desde la adjudicación, sin el conocimiento del Administrador, que puedan haber motivado un aumento de la incapacidad.

[1] Véase vol. 1 a 4 Schneider *Workmen's Compensation Statutes*.

"Por otro lado, nos percatamos que en ocasiones los resultados de una lesión no pueden determinarse en el mismo momento, o poco tiempo después de haber sido recibida. Como se ha dicho por un tribunal de Arizona *"exigir que esos resultados se manifiesten en el mismo momento es demandar el cumplimiento de lo imposible."* Por esa razón, en determinados casos, podría cometerse una injusticia. Pero ésa no es la situación en el presente caso. Aquí se trata de una adjudicación que se hiciera al obrero, reconociéndole cierta incapacidad, después de haberse seguido todos los trámites que la ley y el procedimiento señalan, y al cabo de algunos años se pretende que se reabra el caso con miras a aumentar la incapacidad." . . .

█ Lo que estos casos demuestran es que en nuestra Ley de Compensaciones por Accidentes del Trabajo hay una laguna que sólo corresponde a la Legislatura corregir, si es que desea conceder a la Comisión Industrial un término fijo dentro del cual pueda reabrir un caso para reajustar la incapacidad del obrero a los hechos anteriores y fijar la compensación a que, de acuerdo con dichos hechos, pueda tener derecho. Siendo esta una facultad legislativa y no judicial, *procede confirmar las resoluciones apeladas.*