JOSÉ M. ALONSO GARCÍA, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada; GUMERSINDO DELGADO SANTOS, obrero.

Número: O-74-433    Resuelto: 27 de enero de 1975

*Jorge Márquez Gómez, Miguel A. Guzmán Soto* y *Milva Edet Hoyos,* abogados del recurrente; *Rafael A. Oliveras López de Victoria,* abogado del obrero.

---

PER CURIAM: El obrero afectado en este litigio sufrió una lesión el 31 de julio de 1962 al bajar de una guagua de la Autoridad Metropolitana de Autobuses y pisar en falso. El 14 de febrero de 1964 se le reconoció por la Comisión Industrial una incapacidad equivalente a la pérdida de un veinticinco por ciento de las funciones fisiológicas generales. Bajo las disposiciones del Art. 3 de nuestra Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3, en su parte referente a incapacidades no comprendidas en la tabla de compensaciones, la compensación resultante era pagadera por un total de ciento doce semanas y media.

Once años después de ocurrido el accidente y nueve después de la determinación de incapacidad parcial, el obrero solicitó la reapertura de su caso. El Administrador del Fondo del Seguro del Estado la declaró sin lugar. Apeló el obrero ante la Comisión Industrial y el 27 de setiembre de 1974 ésta resolvió aumentar a treinta por ciento la incapacidad anteriormente fijada. Se acude ante nos en solicitud de que se revise esta resolución de la Comisión Industrial.

La cuestión básica a resolver, por supuesto, es si los organismos administrativos en juego disponen de discreción y plazo ilimitados para reabrir las determinaciones de incapacidad. El problema exacto se discutió en *Rodríguez* v. *Comisión Industrial*, 62 D.P.R. 915 (1944).

*Rodríguez* cita el Art. 5 de la Ley, 11 L.P.R.A. sec. 6, que faculta al Administrador a obligar al obrero a comparecer ante la Comisión Industrial, durante el período que recibe su compensación, para determinar si ésta debe terminarse por haber cesado su incapacidad. Afirmamos allí que la Comisión a su vez posee facultad para decidir también, durante idéntico término, si la incapacidad debe aumentarse.

Expresamos en *Rodríguez*, además, que la ausencia de disposición específica alguna sobre este particular en nuestro estatuto "podría interpretarse como indicativo de que fué la intención de la Legislatura conceder a la Comisión jurisdic-

ción continua e indeterminada [para reabrir un caso después de fallado definitivamente] pero aun en este caso tendría que admitirse que correspondería a la Comisión hacerlo en el ejercicio de su sana discreción en cada caso específico.", (a la pág. 919).

Tanto bajo el primer criterio expuesto en *Rodríguez*, que es el de índole más precisa, como bajo el segundo, cuya solidez podría quizás ser objeto hoy de duda, excepto en las circunstancias más excepcionales, a lo sumo, procede revocar la decisión de la Comisión Industrial en este caso. La reapertura del mismo se hizo muchos años después de expirar el término de compensación y no surgen hechos de los autos que justifiquen establecer una excepción para entender en la situación presente.

La experiencia habida en el tratamiento de este problema en otras comunidades con estatutos de entronque análogo al nuestro aporta luz a la interpretación de nuestra Ley. Tan sólo ocho estados de la Unión Americana le reconocen poder al organismo a cargo de las compensaciones por accidentes del trabajo para reabrir un caso más allá de cierto plazo fijo. 3 Larson, *Workmen's Compensation*, sec. 81:20, pág. 317. Dificultades de diversos órdenes han impedido que se aumente este número: los obstáculos, entre otros, en la preservación de la prueba y los expedientes por términos indefinidos; la complejidad de estimar el monto adecuado de las reservas en estas situaciones. Algunos estados que antes compartían este enfoque han preferido, frente a los problemas actuariales y de administración resultantes, limitar la discreción administrativa y fijar un plazo específico. Véase, como ejemplo muy reciente: McKinney's Consolidated Laws of New York, *Workmen's Compensation*, sec. 25(a).

Consideramos que hasta tanto la Asamblea Legislativa se exprese de distinta manera, habremos de mantener el criterio preferente de *Rodríguez* v. *Comisión Industrial*, supra, que hace coincidir el término para reabrir un caso fallado defini-

tivamente por la Comisión Industrial con el período durante el cual el obrero está recibiendo compensación, dejando en reserva la facultad de reabrir ya expirado ese término sólo para casos de estricta excepción debidamente justificada.

*Se revocará por las razones expuestas la resolución de la Comisión Industrial.*