Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| AIDA FELICIANO AYALA **Lesionada-Recurrida** CAROLINA CATERING CORP Patrono COMISION INDUSTRIAL DE PUERTO RICO **Agencia-Recurrida** v. CORPORACION DEL FONDO DEL SEGURO DEL ESTADO **Recurrentes** | KLRA202500181 | **REVISIÓN ADMINISTRATIVA** Procedente de Comisión Industrial de Puerto Rico **CASO CI:** 24-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-01 **CASO CFSE:** 17-15-32798 Sobre: **REAPERTURA (LEY NUM. 314 DE 16 OCT. 1999)** |
| --- | --- | --- |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece ante nos el Administrador de la Corporación del Fondo del Seguro del Estado, en adelante CFSE o recurrente, solicitando que revisemos la "*Resolución*" de la Comisión Industrial, en adelante Comisión, notificada el 1 de noviembre de 2024. Mediante esta, la Comisión, entre otras cosas, revocó la decisión de la CFSE que denegaba la reapertura de la reclamación de Aida Feliciano Ayala, en adelante Feliciano Ayala o recurrida.

Por los fundamentos que expondremos a continuación, *revocamos* la "*Resolución*" recurrida.

### I.

Surge del expediente ante nos que Feliciano Ayala se encontraba trabajando como lavaplatos para Carolina Catering Corp., cuando sufrió un golpe en la mano izquierda. En

Número Identificador
SEN2025_____

consecuencia, el 9 de marzo de 2017, la recurrida presentó una reclamación ante la CFSE.[1]

Luego de ser evaluada por la recurrente, el 13 de marzo de 2017, la CFSE notificó una *"Decisión del Administrador sobre Tratamiento Médico"*.[2] En la misma, la CFSE determinó que la recurrida recibiría tratamiento médico, en descanso, hasta el 16 de marzo de 2017, por una contusión de la mano izquierda. A partir de esa fecha, la recurrida podría regresar a sus labores, mientras continuaba tratamiento en CT. Esta decisión *no fue apelada por la recurrida*, por lo que advino final y firme.

Posteriormente, el 12 de febrero de 2020, la CFSE notificó una *"Decisión del Administrador sobre Tratamiento Médico"*, mediante la cual determinó que la recurrida había recibido el máximo beneficio del tratamiento, dándole de alta definitiva con incapacidad, a partir del 11 de febrero de 2020.[3] Esta determinación *tampoco fue apelada* por la recurrida, por lo que advino final y firme.

Más adelante, el 28 de mayo de 2020, la CFSE notificó una *"Decisión del Administrador sobre Incapacidad Parcial Permanente"*.[4] Mediante la misma, la recurrente le reconoció a la recurrida una Incapacidad Parcial Permanente de un cinco por ciento (5%) de las funciones fisiológicas, por la pérdida de la mano izquierda, por la muñeca. Por ello, le otorgó una compensación adicional, la cual ascendía a quinientos ochenta y cinco dólares ($585.00). Igualmente, esta determinación no fue apelada, por lo que la misma advino final y firme.

Años más tarde, el 21 de noviembre de 2023, la recurrida acudió ante la CFSE mediante una *"Solicitud de Reapertura de Caso"*.[5] En su petición, alegó que el tratamiento ofrecido

---

[1] Apéndice del recurso, pág. 1.
[2] *Id.*, págs. 2-3
[3] *Id.*, págs. 4-5.
[4] *Id.*, págs. 6-8.
[5] *Id.*, pág. 9.

previamente no le funcionó, y que aún continuaba experimentando dolores, calambres, rigidez y pérdida de fuerza en la mano izquierda. Sin embargo, el 15 de marzo de 2024, notificada el 19 de marzo de 2024, la CFSE denegó su solicitud.[6] En su disposición, indicó que no procedía la reapertura del caso al no haber cumplido con los criterios esbozados en la Ley Núm. 314 del 16 de octubre de 1999.[7]

Por estar en desacuerdo con esta determinación, el 19 de marzo de 2024, la recurrida presentó, *por derecho propio,* un "*Escrito de Apelación*" ante la Comisión.[8] Al día siguiente, la recurrida presentó una "*Moción Asumiendo Representación Profesional*", mediante la cual le informó a la Comisión que contrató representación legal.[9] Posterior a ello, el 26 de abril de 2024, la recurrida presentó un segundo recurso de "*Apelación*" ante la Comisión.[10] Mediante esta, la recurrida señaló su inconformidad con la decisión de la CFSE, en la cual denegaba su solicitud de reapertura del caso. De igual forma, Feliciano Ayala solicitó la celebración de una vista para que el caso fuese revisado en sus méritos.

Surge del "*Informe*" del Oficial Examinador que, el 25 de junio de 2024, la Comisión celebró una vista bajo la causal de *reapertura.*[11] Durante la misma, la recurrida argumentó que de su expediente médico surgía un "*Informe Médico Especial*", en el cual se le reconocía la condición del *Síndrome de Túnel Carpal* de la mano izquierda. Alegó que dicho asunto no se había atendido por la recurrente, por lo que solicitaba la reapertura del caso. Por otro lado, la CFSE arguyó que la acción había caducado, conforme a lo

---

[6] Apéndice del recurso, págs. 10-11.
[7] La Ley Núm. 314 del 16 de octubre de 1999 enmendó, entre otros, el Artículo 3 de la Ley Núm. 45 de 18 de abril de 1935, 11 LPRA sec. 3, también conocida como la "*Ley del Sistema de Compensaciones por Accidentes del Trabajo*".
[8] Apéndice del recurso, págs. 12-17.
[9] *Id.*, pág. 18.
[10] *Id.*, pág. 19.
[11] *Id.*, págs. 22-24.

establecido por la Ley Núm. 314, *supra*, privando a la Comisión de jurisdicción para atender el asunto.

Así entonces, el 1 de noviembre de 2024, la Comisión notificó una "*Resolución*".[12] Mediante esta, confirmó la decisión de la CFSE, notificada el 28 de mayo de 2020, en cuanto a la condición de incapacidad parcial permanente de la mano izquierda de la recurrida, ordenando su cierre y archivo. Por otro lado, la Comisión revocó la decisión de la CFSE notificada el 15 de marzo de 2020, por entender que el caso no había culminado, por no haberse atendido el asunto del *Síndrome de Túnel Carpal.*

Inconforme, el 14 de noviembre de 2024, la CFSE presentó una "*Reconsideración*".[13] En resumidas cuentas, la recurrente señaló que la Comisión no esbozó en su dictamen las determinaciones de hechos y conclusiones de derecho que acogía del "*Informe*" del Oficial Examinador. De igual forma, alegó que la Comisión erró al revocar la decisión de la recurrente, que advino final y firme, al no ser apelada por Feliciano Ayala. Asimismo, señaló que la recurrida no cumplió con los requisitos de la Ley Núm. 314, *supra*, para solicitar la reapertura del caso, debido a que esta no presentó su petición dentro de los tres (3) años desde el cierre definitivo de la reclamación, y tampoco anejó evidencia médica que estableciera de forma clara y convincente que su condición se había agravado.

Posteriormente, el 15 de noviembre de 2024, la Comisión emitió una "*Notificación Acogiendo Moción para Reconsideración y Orden*".[14] En la misma, ordenó a la recurrida a mostrar causa por la cual no debía revocar su "*Resolución*" anterior. No obstante, vencido el término concedido para ello, Feliciano Ayala no compareció.

---

[12] Apéndice del recurso, págs. 20-21.
[13] *Id.*, págs. 25-35.
[14] *Id.*, pág. 36.

Así pues, el 24 de febrero de 2025, la Comisión notificó una "*Resolución en Reconsideración*", en la cual declaró "*No Ha Lugar*" a la "*Reconsideración*" presentada por la CFSE.[15] En su dictamen, la Comisión determinó que, al no haber una decisión institucional que contenga el diagnóstico del *Síndrome de Túnel Carpal* en la decisión de la CFSE, no hubo un cierre definitivo del caso, por lo que no comenzó a transcurrir el término de caducidad de tres (3) años para solicitar su reapertura.

Aún en desacuerdo, el 26 de marzo de 2025, la CFSE presentó ante esta Curia un "*Recurso de Revisión*", señalando la comisión de los siguientes errores:

> **PRIMER ERROR:** Erró la Honorable Comisión Industrial al pasar juicio sobre el contenido de la decisión del Administrador de 10 de febrero de 2020, careciendo de jurisdicción sobre la misma, ya que nunca fue apelada conforme a derecho ante dicho foro revisor, por lo que advino final y firme.
>
> **SEGUNDO ERROR:** Erró la Honorable Comisión Industrial al revocar la Decisión del Administrador denegando la reapertura, abusando de su discreción, sin considerar que la solicitud de reapertura presentada por la parte obrera fue realizada en exceso del término de caducidad de tres (3) años establecido en el artículo 3 (1) (a) de la Ley del Sistema de Compensaciones por Accidente de Trabajo, 11 L.P.R.A. § 3, según enmendada.
>
> **TERCER ERROR:** Erró la Honorable Comisión Industrial al revocar la Decisión del Administrador denegando la reapertura, abusando de su discreción sin considerar que la solicitud de reapertura presentada por la parte obrera tampoco cumplió con los requisitos establecidos en el artículo 3 (a) (2) de la Ley del Sistema de Compensaciones por Accidente de Trabajo, 11 L.P.R.A. § 3, según enmendada.

Por consiguiente, el 28 de marzo de 2025, le concedimos a la recurrida hasta el 25 de abril de 2025 para presentar su posición en cuanto al recurso presentado, en cumplimiento con la Regla 63 del

---

[15] Apéndice del recurso, págs. 38-42.

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63. La misma compareció ante nos el 4 de abril de 2025, mediante una *"Moción de Desestimación por carecer de jurisdicción esta Honorable Curia"*. En la misma, planteó que la recurrente le notificó de la presentación del recurso fuera del horario establecido en la Regla 32.2 de Procedimiento de la Comisión Industrial. Por su parte, el recurrente se opuso, señalando que fue diligente al notificar el recurso, y que la demora se debió al personal de Secretaría de la Comisión. Así las cosas, el 22 de abril de 2025, emitimos una *"Resolución"*, declarando *"No Ha Lugar"* a la solicitud de desestimación presentada.

Analizado el expediente que obra en autos, procedemos a expresarnos.

**II.**

**A. Revisión Judicial de las Agencias Administrativas**

Sabido es que, en nuestro estado de derecho actual, las decisiones, órdenes y resoluciones finales de los organismos administrativos están sujetas a la revisión del Tribunal de Apelaciones. Artículo 4006 (c) de la Ley de la Judicatura de Puerto Rico, Ley Núm. 201-2003, 4LPRA sec. 24; Ley Núm. 38-2017Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, 3 LPRA secs. 9671 y 9672; Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B; *Simpson, Passalaqua v. Quiros, Betances,* 2024 TSPR 64, 214 DPR __ (2024); *Miranda Corrada v. DDEC, et al.,* 211 DPR 738, 745 (2023); *OEG v. Martínez Giraud,* 210 DPR 79, 88 (2022); *AAA v. UIA,* 200 DPR 903, 910 (2018). El objetivo principal de la revisión judicial consiste en auscultar si la agencia administrativa actuó de conformidad a las facultades que fueron conferidas por Ley. *Ruiz Matos v. Dept. Corrección,* 213 DPR 291, 296 (2023); *Hernández*

*Feliciano v. Mun. Quebradillas*, 211 DPR 99, 113-114 (2023); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022).

De ordinario, estas revisiones proceden al adjudicarse finalmente todas las controversias en consideración de la agencia y al agotarse todos los remedios administrativos disponibles para un litigante. *Buxó Santiago v. ELA,* 2024 TSPR 130, 215 DPR __ (2024); *Miranda Corrada v. DDEC, et al.*, supra, pág. 746; *Pérez López v. Dpto. Corrección*, supra, pág. 672; *Fonte Elizondo v. FR Conts.* 196 DPR 353, 358 (2016). Además, la facultad de cuestionar una determinación administrativa forma parte del debido proceso de ley, el cual es un derecho con rango constitucional. *ACT v. Prosol et als.*, 210 DPR 897, 908 (2022); *Asoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

Empero, huelga decir que "la revisión judicial no es equivalente a una sustitución automática del criterio e interpretación del ente administrativo." *Hernández Feliciano v. Mun. Quebradillas,* supra, págs 115-116; *Capó Cruz v. Jta. Planificación, et al.*, 204 DPR 581, 591 (2020). A tenor con ello, el foro apelativo debe hacer distinción entre los asuntos consistentes a la discreción o pericia de la agencia, y las controversias relacionadas a la interpretación estatutaria, en las cuales los tribunales son especialistas. *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 116; *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).

De igual modo, el tribunal respetará las determinaciones de hechos que exponga la agencia, y no sustituirá el criterio de esta por el suyo. *Ruiz Matos v. Depto. Corrección*, supra, pág. 297; *Otero v. Toyota,* 163 DPR 716, 727 (2005). En cuanto a las conclusiones de derecho, estas pueden ser revisadas en todos sus aspectos. No obstante, la referida revisión no implica que un tribunal tenga "la libertad absoluta de descartar libremente las conclusiones e

interpretaciones de la agencia." *Otero v. Toyota,* supra, pág. 729. El foro judicial debe conceder deferencia a las decisiones de las agencias administrativas por razón de la experiencia y el conocimiento especializado que estas poseen sobre los asuntos que se les han delegado. *Katiria's Café Inc. v. Mun. Aut. San Juan,* 2025 TSPR 33, 215 DPR __ (2025); *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR __ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 2024 TSPR 70, 213 DPR __ (2024); *Voilí Voilá Corp. B. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Hernández Feliciano v. Municipio de Quebradillas,* supra, pág. 114; *OEG v. Martínez Giraud,* supra, págs. 88-89; *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Cónsono con lo anterior, los dictámenes administrativos están revestidos de una presunción de legalidad y corrección, la cual subsiste, mientras que la parte que los impugna no produzca suficiente evidencia para derrotarla. *Katiria's Café Inc. v. Mun. Aut. San Juan,* supra; *Transp. Sonell v. Jta. Subastas ACT,* 2024 TSPR 82, 214 DPR __ (2024); *Otero Rivera v. USAA Fed. Savs Bank,* supra; *Voilí Voilá Corp. v. Mun. Guaynabo,* supra; *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 114; *OEG v. Martínez Giraud,* supra, pág. 89; *Rolón Martínez v. Supte. Policía,* supra, pág. 35.

Con relación a la deferencia, la determinación administrativa no será mantenida por los tribunales cuando: a) no esté basada en evidencia sustancial; ***b) el ente administrativo haya errado al aplicar o interpretar las leyes o los reglamentos que se le han encomendado administrar;*** c) el organismo administrativo haya actuado de forma arbitraria, irrazonable, ilegal o cometido abuso de discreción, realizando determinaciones carentes de una base racional; o d) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. *Jusino Rodríguez v. Junta de Retiro,* supra; *Ruiz Matos v. Dpto. Corrección,* supra, págs. 297-298; *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 114*; Torres*

*Rivera* v. *Policía de Puerto Rico,* 196 DPR 606, 628 (2016). (Énfasis suplido).

Los tribunales, para lograr su encomienda, deberán evaluar los siguientes tres (3) aspectos: 1) si el remedio concedido fue el apropiado; 2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad; y 3) si se sostienen las conclusiones de derecho realizadas por la agencia. *Katiria's Café Inc. v. Mun. Aut. San Juan,* supra; *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 115; *OEG* v. *Martínez Giraud,* supra, pág. 89; *Moreno Lorenzo y otros v. Depto. Fam.,* 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.,* supra, pág. 591; *Torres Rivera v. Policía de Puerto Rico,* supra, págs. 626-627.

### B. Ley del Sistema de Compensaciones por Accidentes del Trabajo

La Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, 11 LPRA sec. 1 et seq., es una legislación de carácter remedial que brinda ciertas garantías y beneficios a los trabajadores en el contexto de accidentes o enfermedades ocupacionales que ocurren en el ámbito laboral. *Hernández Morales v. CFSE,* 183 DPR 232, 240 (2011); *González v. Multitiendas,* 165 DPR 873, 881 (2005); *Lebrón Bonilla v. ELA,* 155 DPR 475, 482 (2001); *Rivera v. Blanco Vélez Stores,* 155 DPR 460, 466 (2001). Ello así, al dar cumplimiento a nuestra Constitución, la cual reconoce el derecho a todo trabajador a la "protección contra riesgos para su salud o integridad personal en su trabajo o empleo". Art. II, Sec. 16, Const. ELA, LPRA, Tomo 1. Para llevar a cabo la política pública establecida, la Ley de Compensaciones, supra, creó dos organismos: la CFSE y la Comisión Industrial. En síntesis, la CFSE, a través de su

Administrador, "es el foro primario donde se dilucida si un obrero es elegible o no a los beneficios que establece la Ley". *Agosto Serrano v. F.S.E.*, 132 DPR 866, 874 (1993). Por su parte, la Comisión "es un organismo de carácter fundamentalmente adjudicativo y revisor", con funciones cuasi-judiciales y cuasi-tutelares para la investigación y la resolución de los casos en que el Administrador de la CFSE y el empleado lesionado no lleguen a un acuerdo. *Id.*, pág. 875.

Es por ello que, de estar en desacuerdo con las determinaciones que haga la CFSE, el obrero podrá apelar ante la Comisión Industrial. 11 LPRA sec. 3. Para ello, el Artículo 9 de la Ley Núm. 45, 11 LPRA sec. 11, establece que, a partir de la notificación de la decisión de la CFSE, el obrero tendrá un término de treinta (30) días para presentar su recurso apelativo. Dicho término *es de carácter jurisdiccional*, por lo cual no podrá ser prorrogado por los foros pertinentes. *Kelly Temporary Services v. F.S.E.*, 142 DPR 290, 299 (1997). Así, vencido el término sin haber apelado la determinación, el organismo revisor carecerá de jurisdicción para intervenir. *Id.*

Por otra parte, la Ley Núm. 314 del 16 de octubre de 1999 enmendó la Ley Núm. 45, supra, para añadir, entre otras cosas, dos incisos al Artículo 3 de la misma, 11 LPRA sec. 3. Los mismo disponen de la siguiente manera:

> (a)…
>
> (1) ***Las reclamaciones obreras quedarán cerradas para todos los efectos legales, una vez transcurridos tres (3) años desde el cierre definitivo del caso,*** excepto en las siguientes condiciones en que el efecto puede producirse después de transcurrido un lapso mayor:
>
> > (A) Cito tóxicos [sic]
> >
> > (B) Exposición a asbesto

(C) Exposición a mercurio

(D) Exposición a plomo

(E) Exposición a cadmio

(F) Exposición a radium

(G) SIDA

(H) Hepatitis C

(I) Exposición a berilio

Estas condiciones se evaluarán de acuerdo a los protocolos médicos establecidos.

(2) *Solamente se tramitarán solicitudes de reapertura que sean radicadas dentro de un término que no excederá de tres (3) años contados a partir de la fecha del cierre definitivo de la reclamación*, sujeto a las siguientes condiciones:

*(A) Que exista evidencia médica, clara y convincente, de la agravación o recaída.*

(B) Que la lesión originalmente compensada haya sido la causa única de dicha agravación o recaída sin intervención de factor o causa ajena alguna al accidente original.

(C) Cuando se trate de alegaciones, por condiciones secundarias, éstas tienen que haber sido ocasionadas, precipitadas o agravadas por la condición original, sin la intervención de agente alguno diferente al accidente original.

(D) Que el obrero o empleado lesionado haga solicitud de reapertura por escrito.

11 LPRA sec. 3. (Énfasis nuestro.).

Así también, la Ley Núm. 314, supra, enmendó el Artículo 5 de la Ley Núm. 45, 11 LPRA sec. 6, para incluir la siguiente oración: "[s]e entenderá que *una vez transcurridos tres (3) años desde el cierre definitivo del caso, no habrá reapertura* a excepción de los casos expresamente señalados en el Artículo 3 (a) (1) de esta ley [supra]". (Énfasis nuestro.).

Del mismo modo, el Artículo 35 de la Ley Núm. 45, 11 LPRA sec. 38, reitera la norma de que los casos se considerarán cerrados para todos los efectos legales transcurridos los tres (3) años desde su cierre definitivo. Específicamente, el referido Artículo dispone:

[...]

[S]e entenderá que ***quedarán cerrados para todos los efectos legales los casos de accidentes del trabajo y enfermedades ocupacionales una vez transcurridos tres (3) años desde el cierre definitivo del mismo***.

Se exceptuarán de lo anterior aquellas lesiones o condiciones cuyos efectos pueden producirse transcurridos un lapso mayor, según se menciona en el Artículo 3 (a) de esta ley.

11 LPRA sec. 38. (Énfasis nuestro.).

Así, pues, con excepción de las circunstancias mencionadas anteriormente, la Ley Núm. 45 no contiene disposición alguna que le otorgue a la Comisión la facultad de reabrir un caso después de su cierre definitivo y de vencer los términos previamente esbozados. *Rodríguez v. Comisión Industrial*, 62 DPR 915, 919 (1944).

**III.**

La CFSE comparece ante esta Curia y solicita que revoquemos la "*Resolución*" emitida por la Comisión, mediante la cual revocó la denegación de reapertura del caso de Feliciano Ayala. La recurrente planteó que la Comisión erró al revisar una determinación que no fue apelada por la recurrida en su momento, vencido el término jurisdiccional para ello. De igual forma, señaló que la Comisión abusó de su discreción al reabrir el caso de la recurrida, habiendo transcurrido el término de tres (3) años dispuesto por la Ley Núm. 45, supra, para solicitar su reapertura y no cumplir con los requisitos esbozados en la misma. Por estar relacionados entre sí, procedemos a discutir los errores en conjunto.

Surge del recurso ante nos que la CFSE emitió tres (3) decisiones con respecto al accidente que sufrió la recurrida mientras laboraba. No obstante, no emana del expediente que alguna de estas determinaciones fuese apelada por la recurrida. Por lo cual, al transcurrir el término jurisdiccional de treinta (30) días dispuestos por la Ley Núm. 45, supra, las mismas advinieron final y firme. A raíz de ello, conforme a la normativa esbozada previamente, al vencer el término sin haberse presentado el recurso apelativo, la Comisión queda impedida de revisar la determinación de la CFSE.

Asimismo, la Ley Núm. 45, supra, establece que, salvo que se trate de algunas de las excepciones expresamente definidas en la Ley, no habrá reaperturas de casos una vez transcurran los tres (3) años desde el cierre definitivo del caso. En el caso ante nos, el cierre definitivo del caso ante la CFSE ocurrió al vencer el término de treinta (30) días para apelar la decisión de la recurrente que fue notificada el 28 de mayo de 2020. Por consiguiente, al solicitar la reapertura del caso el 21 de noviembre de 2023, la recurrida presentó su petición aproximadamente tres (3) años y cinco (5) meses después de su cierre definitivo. Por igual, la condición para la cual la recurrida solicita tratamiento no se encuentra dentro del listado de excepciones esbozados en la Ley Núm. 45, supra. Por lo cual, no está exenta de cumplir con la presentación del recurso ante la Comisión dentro del término de tres (3) años. De esta forma, el recurso de apelación fue presentado de manera tardía por Feliciano Ayala, privando de jurisdicción a la Comisión para entender sobre el mismo. Por consiguiente, consideramos que la Comisión erró al revocar la determinación de la CFSE que denegaba la reapertura del caso de la recurrida, pues no tenía la facultad para ello.

Por ende, a raíz de lo antes expuesto, *revocamos* la "*Resolución*" emitida por la Comisión que dejaba sin efecto la denegación de reapertura del caso de Feliciano Ayala.

## IV.

Por los fundamentos antes expuestos, *se revoca la "Resolución" recurrida.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones